Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                      :

| | | |
|---|---|---|
| *In re* | : | **Chapter 11** |
| | : | |
| **DAFFY'S, INC.,** | : | **Case No. 12-_____ (__)** |
| | : | |
|         **Debtor.** | : | |
| | : | |

-------------------------------------------------------------x

**MOTION OF DEBTOR FOR AN ORDER (I) SCHEDULING A
CONFIRMATION HEARING AND (II) ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR CONFIRMATION OF THE DEBTOR'S CHAPTER 11 PLAN**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        Daffy's, Inc., as debtor and debtor in possession (the "***Debtor***"), hereby moves

(the "***Motion***") for entry of an order (i) scheduling a confirmation hearing for the Debtor's

chapter 11 plan (the "***Plan***")[1] and (ii) establishing notice and objection procedures in respect of

confirmation of the Plan.  In support of the Motion, the Debtor submits the Declaration of

Richard F. Kramer in Support of Daffy's Chapter 11 Petition and Requests for First Day Relief

(the "***Kramer Declaration***"), filed contemporaneously herewith, and respectfully represents as

follows:

---

[1] *Debtor's Plan Under Chapter 11 of the Bankruptcy Code*, dated August 1, 2012, filed contemporaneously
herewith.

## Background

1.      On the date hereof (the "***Commencement Date***"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").  The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtor is an off-price retailer of designer fashions for women, men, children, and the home, located in the New York metropolitan area and Philadelphia.  For additional background on the Debtor's business, see the Kramer Declaration.

## Jurisdiction

3.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4.      By this Motion, and pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Rules 2002, 3017, 3018, 3020, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1, and 9021-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "***Local Rules***"), the Debtor seeks entry of a proposed order, substantially in the form attached hereto as ***Exhibit "A"*** (the "***Proposed Order***"), that –

(a)      schedules a hearing to consider confirmation of the Plan (the "***Confirmation Hearing***"),

(b)      approves certain procedures for confirmation of the Plan,

2

(c)    approves the form and manner of notice to all parties in interest of the Confirmation Hearing substantially in the form attached to the Proposed Order as ***Exhibit "1"*** (the "***Confirmation Hearing Notice***"), and

(d)    sets deadlines to object to the confirmation of the Plan (the "***Plan Objection Deadline***") and to file replies to any confirmation objection.

## I.    <u>The Plan</u>

2.    On the date hereof, the Debtor filed its *Motion of Debtor for an Order (I) Authorizing Debtor to Sell Assets Through Store Closing Sales, (II) Approving (A) Assumption of Agency Agreement and (B) Store Closing Sale Procedures, (III) Exempting Debtor From Compliance with Contractual and Statutory Store Closing Sale Restrictions, and (IV) Granting Related Relief Pursuant to Sections 105(A), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6003 and 6004*, which seeks authority to assume the Agency Agreement, pursuant to which Gordon Brothers Retail Partners, LLC and Hilco Merchant Resources, LLC will liquidate the Debtor's inventory.  Additionally, the Debtor filed the *Motion of the Debtor for an Order (I) Approving Debtor's (A) Assumption of Asset Purchase, Assignment, and Support Agreement, (B) Assumption, Assignment, and Sale of Unexpired Lease to Purchaser, (C) Entry Into Assignment Agreement, and (D) Payment of Purchaser Transaction Expenses, and (II) Extending the Time to Assume or Reject Unexpired Leases Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014*, which seeks authority for the Debtor to assume that certain Asset Purchase, Assignment and Support Agreement, dated as July 18, 2012, among the Debtor, Marcia Wilson, The Wilson 2003 Family Trust, and Jericho Acquisitions I LLC (the "***Purchase Agreement***"), pursuant to which the Debtor's leasehold interests will be sold to Jericho Acquisitions I LLC through the Plan.  The Debtor also has filed with the Court its full set of schedules of assets and liabilities

(the "**Schedules**"), which includes the claims against the Debtor as reflected in the Debtor's

books and records.

3.    The Debtor estimates that the proceeds received from the liquidation of its

inventory and the sale of its leasehold interests will exceed at least $60 million, whereas total

prepetition claims against the Debtor's estate are less than approximately $27 million,[2] and the

cost of administering this chapter 11 case will not exceed approximately $5 million (after certain

expenses are reimbursed pursuant to the Purchase Agreement).    Accordingly, the Debtor believes

that the disposition of the Debtor's principal assets will generate more than sufficient cash to pay

all holders of Allowed Claims (as such term is defined in the Plan) in full, with interest, thus

rendering all classes under the Plan unimpaired.    Accordingly, the Debtor is not soliciting the

votes of any creditors on the Plan and has not filed a proposed disclosure statement with respect

to the Plan.

4.    Concurrently with the filing of this Motion, the Debtor has filed its *Motion

of Debtor for an Order Fixing a Final Date for Filing Requests for Payment of Certain

Administrative Expenses, Establishing Deadlines for Filing Proofs of Claim for Prepetition

Claims, and Approving the Form and Manner of Notice Thereof, Pursuant to Sections 502(b)(9)

and 503(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7), (f), and (l), and 3003(c)(3),

and Local Rule 3003-1*, in which the Debtor is requesting, among other things, that the Court set

---

[2] As described in this sentence, prepetition claims include approximately $17 million of secured debt claims held by Wells Fargo, National Association ("**Wells Fargo**"), of which approximately $7 million is proposed to be "rolled up" into the Debtor's DIP credit facility.  *See Debtor's Motion For an Order (I) Authorizing Postpetition Financing, (II) Granting Liens and Providing Super Priority Administrative Expense Priority, (III) Authorizing Use of Cash Collateral and Providing for Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Scheduling a Final Hearing Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, and 9014*, filed contemporaneously herewith.  The prepetition claims exclude, however, a guarantee claim by Wells Fargo against the Debtor, which either will get repaid from the proceeds of a separate sale of real estate not owned by the Debtor, pursuant to the Purchase Agreement, will get refinanced and from which the Debtor will be released.

4

a deadline for holders, other than governmental units, of prepetition claims to file proofs of claim

(the "*General Bar Date*").  The Debtor seeks to set a hearing to consider confirmation of the

Plan sufficiently after the occurrence of the General Bar Date to allow the Debtor to determine

that, in light of the claims filed, its Plan remains feasible, but also promptly enough to permit the

Debtor to emerge from chapter 11 as expeditiously as possible after completion of its store

closings, consummate the transactions under the Purchase Agreement, and repay its creditors in

full.

## II.    Because No Parties Are Impaired
##        by the Plan, a Disclosure Statement Is Not Required

5.      As set forth above, under the Plan, all classes of claims and equity

interests in the Debtor are unimpaired.  Therefore, pursuant to section 1126(f) of the Bankruptcy

Code, such classes are "conclusively presumed to have accepted the plan."  Pursuant to

section 1125(b) of the Bankruptcy Code, a Court-approved disclosure statement is only required

to solicit acceptances or rejections of the Plan.  Because the Debtor need not solicit votes on the

Plan, section 1125(b) is inapplicable, and the Bankruptcy Code imposes no requirement that the

Debtor file, or that the Court approve, a proposed disclosure statement with respect to the Plan.

6.      Multiple courts have found that disclosure statements are only required

when the debtor is soliciting votes.  *In re Feldman*, 53 B.R. 355, 357-58 (Bankr. S.D.N.Y. 1985)

(noting that a disclosure statement is not required for unimpaired classes as the disclosure

statement is required "only for the purpose of soliciting an acceptance or rejection of the plan");

*In re Colony Props. Int'l*, Nos. 10-02937-PB11, 10-03361-PB11, 2011 WL 4443319, at *2

(Bankr. S.D. Cal. Sept. 19, 2011) (holding that the debtor's failure to file a disclosure statement

was not a bar to confirmation because disclosure statements are only required when votes are

being solicited and, pursuant to the debtor's plan, no votes were being solicited in this case); *In*

*re Highway Truck Drivers*, 100 B.R. 209, 213 (Bankr. E.D. Pa. 1989) (citing *Feldman* and

holding "that if all creditors were unimpaired by [the] plan of reorganization, there would be no

need for voting and no need for a disclosure statement as all creditors presumptively would vote

in favor of the plan."); *In re Union Cnty. Wholesale Tobacco & Candy Co.*, 8 B.R. 442, 443

(Bankr. D.N.J. 1981) ("The legislative history makes it plain that the Congressional intent behind

Section 1125(b) of the Code was to restrict the purpose of a disclosure statement in a bankruptcy

proceeding to solicitation of acceptances or rejections of a plan."); *In re Bel Air Assocs.*, 4 B.R.

168, 175 (Bankr. W.D. Okl. 1980) ("[N]onsubmissions of disclosure statements only operate to

prevent solicitations of acceptances or rejections of the plan.  [Section 1125] seems only to

require disclosure statements in the event there are solicitations of acceptances or rejections of

the plan.").

    7.  Because all classes of claims and interests are unimpaired under the Plan,

no benefit would be conferred by a disclosure statement.  In fact, the estate would suffer as a

result of the unnecessary cost of drafting, filing, and seeking approval of a disclosure statement,

as well as the delay caused by having to notice the hearing on the proposed disclosure statement

and only begin to provide notice of the Plan and the Confirmation Hearing after the approval of a

disclosure statement.  Under the procedures set forth in the Proposed Order and discussed more

fully below, all known parties in interest will be sent the Confirmation Hearing Notice and the

Plan, and all such parties will have an adequate opportunity to review, and object to confirmation

of, the Plan.

## III.  **The Confirmation Procedures**

    8.  In connection with Plan, the Debtor proposes to implement the following

procedures.

6

A.    **Confirmation Packages**

9.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to

holders of claims and equity interests for the purpose of soliciting their votes and providing

adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement, — *except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders* — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d) (emphasis added).

10.    As forth above, the Debtor is not required to provide a disclosure

statement to any creditors or equity holders.  The Debtor does, however, propose to mail or cause

to be mailed a copy of the Plan as well as the detailed Confirmation Hearing Notice (collectively,

the "***Confirmation Package***").

11.    The Confirmation Hearing Notice will include the following information:

- procedures for objecting to the Plan,

- special notice to lessors under Real Property Leases (as such term is defined in the Plan) advising them that the Plan provides special procedures for assumption and assignment or rejection of Real Property Leases,

- the time and date of the Confirmation Hearing, and

US_ACTIVE:\44038814\10\39982.0003

- why creditors and interest holders are not entitled to vote on the Plan.

The Confirmation Hearing Notice will be provided in paper form, and because of significantly reduced costs and environmental benefits, the Debtor proposes to send the Plan in a CD-ROM format instead of printed hard copies. The Debtor will provide printed hard copies of the Plan upon request and will make the Plan and Confirmation Hearing Notice available on the website of its claims agent, www.donlinrecano.com/Daffys. Although the Debtor has made, and will make, every effort to ensure that the Confirmation Packages described in this Motion are in final form, the Debtor nonetheless requests authority to make non-substantive changes to the Plan, and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Plan and any other materials in the Confirmation Packages prior to mailing.

**B.    Manner of Distribution of Confirmation Packages**

12.    Within five (5) business days after the date of the order granting the Motion (the "***Solicitation Date***"), the Debtor shall mail or cause to be mailed a Confirmation Package to the following parties in interest:

(a)    the U.S. Trustee,

(b)    the Securities and Exchange Commission, the Internal Revenue Service, and the United States Attorney's Office for the Southern District of New York,

(c)    any other party that files a request for service of pleadings in this chapter 11 case pursuant to Rule 2002 prior to the Solicitation Date,

(d)    all creditors who are listed on the Debtor's Schedules or who file a proof of claim prior to the Solicitation Date,

(e)    all parties to executory contracts and unexpired leases listed on the Debtor's Schedules,

(f)    certain of the Debtor's former employees and other vendors,

8

(g)    the attorneys of record for all parties to pending litigation against the Debtor (as of the date of the entry of the Proposed Order), and

(h)    all equity interest holders.

13.    In addition, the Debtor proposes to mail or cause to be mailed a Confirmation Package to any other entity that, within one week before the Plan Objection Deadline, files a request for service of pleadings in this chapter 11 case pursuant to Rule 2002 or that files a proof of claim (and has not otherwise been mailed a Confirmation Package to the notice address set forth in the proof of claim).  The Debtor shall mail or cause to be mailed any such Confirmation Package within three (3) business days after the filing of the Rule 2002 notice or the proof of claim.

14.    The Debtor anticipates that the United States Postal Service may return certain Confirmation Packages as undeliverable.  The Debtor submits that it is costly and wasteful to mail Confirmation Packages to the same addresses from which mail was previously returned as undeliverable.  Therefore, the Debtor requests the Court waive the strict notice rule and excuse the Debtor from mailing Confirmation Packages to addresses from which the Debtor received previously mailings returned as undeliverable unless the Debtor is provided with a new mailing addresses at least two weeks prior to the Confirmation Hearing.

15.    Furthermore, the Debtor proposes, on or before the Solicitation Date, to cause an abridged form of the Confirmation Hearing Notice to be published (the "***Publication Notice***") (substantially in the form attached to the Proposed Order as ***Exhibit "2"***) in *Women's Wear Daily* and the *New York Times*.[3]  Such Publication Notice is reasonably calculated under

---

[3] The Publication Notice will also include information relating to the Bar Dates.  Contemporaneously herewith, the Debtor filed a motion seeking approval to, among other things, publish notice of the Bar Dates.

9

the circumstances to apprise all unknown creditors of the Confirmation Hearing and the

procedures for objecting to the Plan.

### C.    Objections to the Plan

16.    Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight (28)

days' notice to all creditors and equity security holders of the time fixed for filing objections and

the hearing to consider confirmation of a chapter 11 plan.  Pursuant to Bankruptcy

Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time

fixed by the court."  Further, pursuant to Local Rule 3020-1, objections to confirmation of a plan

must be filed not later than seven days prior to the hearing to consider confirmation of a

chapter 11 plan.  Accordingly, the Debtor requests that the Court set a Plan Objection Deadline

that is thirty-five (35) days after the Solicitation Date.

17.    The Proposed Order requires objections and responses, if any, to

confirmation of the Plan to be in writing and to (a) conform to the Bankruptcy Rules, the Local

Rules, and any case management orders in this chapter 11 case; (b) set forth the name of the

objecting party and the nature and amount of claims or interests held or asserted by the objecting

party against the Debtor's estate or property; and (c) provide the basis for the objection and the

specific grounds therefor.

18.    The Proposed Order also requires registered users of the Bankruptcy

Court's case filing system to file their objections and responses electronically.  For all other

parties in interest, the Proposed Order requires filing of objections and responses on a 3.5 inch

floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or

any other Windows-based word processing format (with a hard copy delivered directly to

chambers), in accordance with General Order M-399.

19.     Any objections or responses must also be served upon the following

parties (the "*Notice Parties*") so as to be received no later than the Plan Objection Deadline:

| | |
|---|---|
| ***Debtor***<br>Daffy's Inc.<br>One Daffy's Way<br>Secaucus, New Jersey 07094<br>Attn: Richard Kramer | ***Office of the U.S. Trustee***<br>Office of the U.S. Trustee for the S.D.N.Y.<br>33 Whitehall St., 21st Floor<br>New York, New York 10004<br>Attn: Susan Golden, Esq.; Michael Driscoll, Esq. |
| ***Counsel to the Debtor***<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Debra A. Dandeneau, Esq. | ***Counsel to Jericho Acquisitions I LLC***<br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004<br>Attn: Brad Eric Scheler, Esq. |
| ***Counsel to Wells Fargo***<br>Riemer & Braunstein LLP<br>Three Center Plaza, 6th Floor,<br>Boston, MA 02108<br>Attn: Donald E. Rothman, Esq. | |

20.     The Confirmation Hearing Notice will provide parties in interest with

more than thirty-five (35) days' notice of the Plan Objection Deadline.  The Plan Objection

Deadline will afford the Debtor and other parties in interest sufficient time to consider the

objections and proposed modifications and file any replies, while leaving the Court sufficient

time to consider any such objections and replies before the Confirmation Hearing.

21.     The Debtor submits that if there are objections to confirmation, it will

assist the Court and may expedite the Confirmation Hearing if the Debtor replies to any such

objections.  Accordingly, the Debtor requests that it be authorized to file and serve replies or an

omnibus reply to any such objections no later than **three (3) business days** prior to the

Confirmation Hearing.

22.     The Debtor respectfully requests that the Court approve these procedures

for filing objections to the Plan and replies thereto pursuant to Bankruptcy Rule 3020.

### D.    Confirmation Hearing Date

23.    Bankruptcy Rule 3017(c) provides, in pertinent part, that "the court ... may fix a date for the hearing on confirmation."  In accordance with Bankruptcy Rules 2002(b) and 3017(c), and in view of the Debtor's proposed schedule outlined herein, the Debtor requests that a hearing on confirmation of the Plan (the "***Confirmation Hearing***") be scheduled approximately thirty (30) days after the General Bar Date.  Based upon the Debtor's timetable and subject to the Court's calendar, the Debtor proposes that the Confirmation Hearing occur the week of **October 15, 2012**, subject to adjournment or continuation from time to time by the Court or the Debtor without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.  The proposed date for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Rules and will enable the Debtor to pursue confirmation of the Plan in a timely fashion.

24.    The foregoing procedures will generally provide parties in interest with more than twenty-eight (28) days' notice of the Plan Objection Deadline and Confirmation Hearing, and accordingly, should be approved.

### <u>Notice</u>

25.    No trustee or examiner has been appointed in this chapter 11 case.  Notice of this Motion has been provided to the following: (a) the United States Trustee for Region 2; (b) those creditors holding the thirty largest unsecured claims against the Debtor's estate; (c) Wells Fargo Bank, National Association, as the Debtor's prepetition and postpetition lender; (d) the attorneys for Wells Fargo Bank, National Association; (e) Jericho Acquisitions I LLC; (f) the attorneys for Jericho Acquisition I LLC; (g) Gordon Brothers Retail Partners, LLC, and Hilco Merchant Resources, LLC; (h) the attorneys for Gordon Brothers Retail Partners, LLC, and Hilco Merchant Resources, LLC; and (*i*) the attorneys general for the States of New York

and New Jersey and the Commonwealth of Pennsylvania (collectively, the "*Notice Parties*").

The Debtor submits that no other or further notice need be provided.

WHEREFORE, the Debtor respectfully request that the Court enter an order granting the

relief requested herein and such other and further relief as is just and proper.

Dated:  August 1, 2012
        New York, New York

                                            /s/ Debra A. Dandeneau
                                            _____

                                            Debra A. Dandeneau
                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone:  (212) 310-8000
                                            Facsimile:   (212) 310-8007

                                            *Proposed Attorneys for Debtor and*
                                            *Debtor in Possession*

US_ACTIVE:\44038814\10\39982.0003

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                  :

*In re*                                     :          **Chapter 11**
                                                   :

**DAFFY'S, INC.,**                   :          **Case No. 12-_____ (__)**
                                                     :

                              **Debtor.**              :

                                                   :
----------------------------------------------------------------x

**ORDER (I) SCHEDULING A CONFIRMATION**
**HEARING AND (II) ESTABLISHING NOTICE AND OBJECTION**
**PROCEDURES FOR CONFIRMATION OF THE DEBTOR'S CHAPTER 11 PLAN**

Upon the motion (the "***Motion***")[1] of Daffy's Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "***Debtor***"), for an order, pursuant to sections 105(a), 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018, 3020, 9013, 9014, and 9021, and Local Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1 and 9021-1, (i) scheduling a confirmation hearing for the Debtor's Plan and (ii) establishing notice and objection procedures in respect of confirmation of the Plan, all as more fully described in the Motion; and the Court having held a hearing to consider the relief requested herein (the "***Hearing***") with the appearances of all interested parties noted in the record of the Hearing; and all of the proceedings before the Court, the Court finds and determines the following:

       **Jurisdiction and Venue**

       A.       Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

       B.       Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

C.      The Court has jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and the Amended Standing Order of Reference M-

431, dated January 31, 2012 (Preska, C.J.).

**Disclosure Statement**

D.      No disclosure statement is necessary in this chapter 11 case as all classes

are unimpaired, are conclusively presumed the Plan pursuant to section 1126(f) of the

Bankruptcy Code, and are not entitled to vote on the Plan.

**Notice Procedures**

***Confirmation Hearing Notice***

E.      The Confirmation Hearing Notice, substantially in the form annexed to

this Order as ***Exhibit "1,"*** complies with the Bankruptcy Code, the Bankruptcy Rules, and the

Local Rules and provides adequate notice to all creditors and equity holders of their non-voting

status.  No further notice is necessary.

***Confirmation Packages***

F.      The proposed distribution and contents of the Confirmation Packages

comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested

parties of the Plan Objection Deadline, the Confirmation Hearing, and all related matters.

**The Confirmation Hearing**

G.      The procedures, set forth below, regarding notice to all parties in interest

of the time, date, and place of the Confirmation Hearing and for filing objections or responses to

the Plan, provide due, proper, and adequate notice and comply with Bankruptcy Rules 2002 and

3017(d).

***Notice***

H.      All notices to be provided pursuant to the procedures set forth herein are

2

good and sufficient notice to all parties in interest of all matters pertinent hereto and of all

matters pertinent to the Confirmation Hearing, and no other or further notice need be provided.

I.     The Publication Notice is reasonably calculated, under the circumstances

of this case, to provide adequate and sufficient notice to all unknown parties in interest (and

known parties in interest in which the Debtor does not have a current address) of all matters

pertinent hereto and of all matters pertinent to the Confirmation Hearing, and no other or further

notice need be provided.

J.     The legal and factual bases set forth in the Motion establish just and

sufficient cause to grant the relief requested therein.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.     The Motion is granted as set forth herein.

**Confirmation Packages**

2.     The content of the Confirmation Packages is **APPROVED**.

3.     The Debtor shall mail the Confirmation Packages within five (5) business

days after the date of this Order (the "***Solicitation Date***") to (a) the U.S. Trustee, (b) the

Securities and Exchange Commission, the Internal Revenue Service, and the United States

Attorney's Office for the Southern District of New York, (c) any other party that files a request

for service of pleadings in this chapter 11 case pursuant to Rule 2002 prior to the Solicitation

Date, (d) all creditors who are listed on the Debtor's Schedules or who file a proof of claim prior

to the Solicitation Date, (e) all parties to executory contracts and unexpired leases listed on the

Debtor's Schedules, (f) certain of the Debtor's former employees and other vendors, (g) the

attorneys of record for all parties to pending litigation against the Debtor (as of the date of this

Order) and (h) all equity interest holders.

3

4.      The Debtor shall also mail the Confirmation Packages to any other entity that, within one week before the Plan Objection Deadline, files a request for service of pleadings in this chapter 11 case pursuant to Rule 2002 or that files a proof of claim (and has not otherwise been mailed a Confirmation Package to the notice address set forth in the proof of claim).  The Debtor shall mail or cause to be mailed any such Confirmation Package within three (3) business days after the filing of the Rule 2002 notice or the proof of claim.

5.      The Confirmation Hearing Notice, substantially in the form attached to hereto as *Exhibit "1,"* and the Publication Notice, substantially in the form attached hereto as *Exhibit "2"* are **APPROVED.**

6.      On or before the Solicitation Date, the Debtor shall cause the Publication Notice (substantially in the form attached hereto as *Exhibit "2"*) to be published in *Women's Wear Daily* and the *New York Times*.

7.      The Debtor may send the Confirmation Packages in a CD-ROM format instead of printed hard copies; *provided*, *however*, the Debtor shall provide printed hard copies upon request and shall make the Confirmation Hearing Notice and the Plan available at the website of its claims agent, www.donlinrecano.com/Daffys.

8.      With respect to addressees from which the Confirmation Packages are returned as undeliverable by the United States Postal Service, the Debtor is excused from mailing Confirmation Packages or any other materials related to confirmation of the Plan to those entities listed at such addresses unless the Debtor is provided with accurate addresses for such entities two weeks prior to the Confirmation Hearing, and failure to mail Confirmation Packages or any other materials related to confirmation of the Plan to such entities will not

US_ACTIVE:\44038814\10\39982.0003

constitute inadequate notice of the Confirmation Hearing and shall not constitute a violation of

Bankruptcy Rule 3017(d).

**The Confirmation Hearing**

9.     The Confirmation Hearing will be held at ___:00 a.m. (Eastern Time) on

**October ___, 2012**; *provided*, *however*, that the Confirmation Hearing may be adjourned or

continued from time to time by the Court or the Debtor without further notice other than

adjournments announced in open Court or as indicated in any notice of agenda of matters

scheduled for hearing filed by the Debtor with the Court.

*Objection and Reply Procedures*

10.     The Plan Objection Deadline is **September ___, 2012** at **4:00 p.m.**

**(Eastern Time).**

11.     Objections and responses, if any, to confirmation of the Plan, must (a) be

in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any case management

orders in this chapter 11 case; (c) set forth the name of the objecting party, the nature and amount

of claims or interests held or asserted by the objecting party against the Debtor's estate or

property; and (d) set forth the basis for the objection and the specific grounds therefor.

12.     Registered users of the Bankruptcy Court's case filing system must

electronically file their objections and responses.  All other parties in interest must file their

objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable

Document Format (PDF), Microsoft Word or any other Windows-based word processing format

(with a hard copy delivered directly to the chambers of the Hon. _____), in accordance

with General Order M-399.

US_ACTIVE:\44038814\10\39982.0003

13.    Any objections or responses must also be served upon the following

Notice Parties so as to be received by the Notice Parties no later than the Plan Objection

Deadline:

| *Debtor* | *Office of the U.S. Trustee* |
|---|---|
| Daffy's Inc. | Office of the U.S. Trustee for the S.D.N.Y. |
| One Daffy's Way | 33 Whitehall St., 21st Floor |
| Secaucus, New Jersey 07094 | New York, New York 10004 |
| Attn: Richard Kramer | Attn: Attn: Susan Golden, Esq.; Michael Driscoll, Esq. |
| *Counsel to the Debtor* | *Counsel to Jericho Acquisitions I LLC* |
| Weil, Gotshal & Manges LLP | Fried, Frank, Harris, Shriver & Jacobson LLP |
| 767 Fifth Avenue | One New York Plaza |
| New York, New York 10153 | New York, NY 10004 |
| Attn: Debra A. Dandeneau, Esq. | Attn: Brad Eric Scheler, Esq. |
| *Counsel to Wells Fargo* | |
| Riemer & Braunstein LLP | |
| Three Center Plaza, 6th Floor, | |
| Boston, MA 02108 | |
| Attn: Donald E. Rothman, Esq. | |

14.    Objections to confirmation of the Plan that are not timely filed, served,

and actually received in the manner set forth above shall not be considered and shall be deemed

overruled.

15.    Replies to any objections or responses to confirmation of the Plan must be

filed within three (3) business days of the Confirmation Hearing.

16.    The Debtor is authorized, in its sole discretion, to take or refrain from

taking any action necessary or appropriate to implement the terms of and the relief granted in this

Order without seeking further order of the Court.

6

17.     The Debtor is authorized to make nonsubstantive changes, to the Plan, the

and related documents without further order of the Court, including, without limitation, changes

to correct typographical and grammatical errors and to make conforming changes among the

Plan and any other materials in the Confirmation Packages prior to mailing.

Dated:  August ___, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44038814\10\39982.0003

**<u>Exhibit 1</u>**

**Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                 :

*In re*                                 :        **Chapter 11**

                                         :

**DAFFY'S, INC.,**                      :        **Case No. 12-_____ (__)**

                                         :

                **Debtor.**              :

                                         :
------------------------------------------------------------------x

## NOTICE OF HEARING ON CONFIRMATION OF THE PLAN
## AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN

TO ALL PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASE, PLEASE TAKE NOTICE THAT:

1.  ***Daffy's Chapter 11 Plan.***  On August 1, 2012, Daffy's Inc. (the "***Debtor***") commenced a voluntary case under chapter 11 of the United States Bankruptcy Code.  On the same day, the Debtor filed its proposed chapter 11 plan (as it may be amended, the "***Plan***") [Docket No. ____], which provides, among other things, that all creditors of the Debtor will be paid in full, and, when applicable, with interest, on account of their Allowed Claims (as such term is defined in the Plan).  As a result, ***all creditors and equity holders are conclusively presumed to have accepted the Plan, and creditors will receive payment in full of their claims***.

2.  ***Confirmation Hearing.***  A hearing (the "***Confirmation Hearing***") to consider the confirmation of the Plan will be held at [ ]:00 a.m. **(Eastern Time) on October [__], 2012**, before the Honorable [_____], United States Bankruptcy Judge, in Room [__] of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.  The Confirmation Hearing may be adjourned or continued from time to time without further notice other than the announcement by the Debtor of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtor with the Court.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3.  ***Objections to Confirmation***. The deadline to object or respond to confirmation of the Plan is **September [__], 2012 at 4:00 p.m. (Eastern Time) (the "*Objection Deadline*")**.

    Objections and responses, if any, to confirmation of the Plan, must be in writing, must (a) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in this chapter 11 case, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtor's estate or property, and (c) provide the basis for the objection and the specific grounds therefore.

    Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Hon. _____), in accordance with General Order M-399.

    Any objections or responses must also be served upon the following parties so as to be ***actually received*** by no later than the Objection Deadline:

| **Debtor** | **Office of the U.S. Trustee** |
|---|---|
| Daffy's Inc. | Office of the U.S. Trustee for the S.D.N.Y. |
| One Daffy's Way | 33 Whitehall St., 21st Floor |
| Secaucus, New Jersey 07094 | New York, New York 10004 |
| Attn: Richard Kramer | Attn: _____, Esq. |
| **Counsel to the Debtor** | **Counsel to Jericho Acquisition I LLC** |
| Weil, Gotshal & Manges LLP | Fried, Frank, Harris, Shriver & Jacobson LLP |
| 767 Fifth Avenue | One New York Plaza |
| New York, New York 10153 | New York, NY 10004 |
| Attn: Debra A. Dandeneau, Esq. | Attn: Brad Eric Scheler, Esq. |
| **Counsel to Wells Fargo** | |
| Riemer & Braunstein LLP | |
| Three Center Plaza, 6th Floor, | |
| Boston, MA 02108 | |
| Attn: Donald E. Rothman, Esq. | |

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE HEARING.**

4.   *Additional Information*.  Any party in interest wishing to obtain further information or copies of the Plan should telephone the Debtor's noticing agent, Donlin, Recano & Company, Inc., at **(212) 771-1128**.  Interested parties may also examine the Plan free of charge at www.donlinrecano.com/daffys.  In addition, the Plan is on file with the Court and may be examined by accessing the Court's website: www.nysb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

5.   *Special Procedures for Treatment of Real Property Leases.  Section 8.5 of the Plan provides special procedures for the assumption and assignment or rejection of Real Property Leases (as defined in the Plan) under which the Debtor is a lessee.  Lessors under Real Property Leases should review those provisions carefully.*

6.   *Injunctions*

**The Plan contains an injunction which prevents, among other things, any holder of any claim or administrative expense or any other party in interest in the Debtor's Chapter 11 Case from commencing or continuing, in any manner, any action or other proceeding of any kind against the Debtor or the Post Effective Date Debtor enforcing judgments or encumbrances relating to such claims or administrative expenses, asserting rights of setoff, recoupment or subrogation against the Debtor or the Post Effective Date Debtor on and after the effective date under the Plan, acting in any manner that does not conform with the Plan, or taking any action to interfere with the implementation and consummation of the Plan.**

DATED:  August __, 2012
     New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtor
and Debtor in Possession*

2

## Exhibit 2

### Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
*In re*                                                    :    **Chapter 11**
**DAFFY'S, INC.,**                                         :    **Case No. 12-_____ (__)**
                        **Debtor.**                        :
-----------------------------------------------------------------x

**NOTICE OF (I) HEARING ON CONFIRMATION OF THE PLAN AND**
**PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN, (II) THE**
**PREPETITION BAR DATES, AND (III) THE ADMINISTRATIVE BAR DATE**

**PLEASE TAKE NOTICE OF THE FOLLOWING –**

On August 1, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"). Copies of all documents relating to the Debtor's chapter 11 case may be downloaded from www.donlinrecano.com/daffys or may be obtained by a written request to Donlin, Recano & Company, Inc., Re: Daffy's Inc., 419 Park Avenue South, Suite 1206, New York, NY 10016 .

1.  **Daffy's Chapter 11 Plan**. On August 1, 2012, the Debtor also filed its proposed chapter 11 plan (as it may be amended, the "**Plan**") [Docket No. _____], which provides, among other things, that all creditors of the Debtor will be paid in full, and, when applicable, with interest, on account of their Allowed Claims (as such term is defined in the Plan). As a result, *all creditors and equity holders are conclusively presumed to have accepted the Plan, and creditors will receive payment in full of their claims*.

2.  **Confirmation Hearing**. A hearing (the "***Confirmation Hearing***") to consider the confirmation of the Plan will be held at **[__]:00 a.m. (Eastern Time) on October [__], 2012**, before the Honorable [ ], United States Bankruptcy Judge, in Room [ ] of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be adjourned or continued from time to time without further notice other than the announcement by the Debtor of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtor with the Court. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3.  **Objections to Confirmation**. The deadline to object or respond to confirmation of the Plan is September [__], 2012 at 4:00 p.m. (Eastern Time) (the "***Objection Deadline***"). Objections and responses, if any, must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy

4.  **Bar Date Order**: On August [__], 2012, the Bankruptcy Court entered an order (the "***Bar Date Order***") establishing the following deadlines:

    • **September [__], 2012 at 5:00 p.m. (Eastern time)** as the deadline for each entity, other than governmental units, to file a proof of claim ("***Proof of Claim***") based on prepetition claims against the Debtor;

    • **February [__], 2013 at 5:00 p.m. (Eastern time)** as the deadline for governmental units to file Proofs of Claim against the Debtor; and

    • **October [__], 2012 at 5:00 p.m. (Eastern time)** as the deadline for claimants to file requests (each a "***Proof of Administrative Expense***") for certain types of administrative expenses arising under section 503(b)(1) of the Bankruptcy Code.

5.  **Additional Information**: For further information, including a copy of the Bar Date Order and detailed procedures for filing a Proof of Claim or Proof of Administrative Expense, please visit the Debtor's chapter 11 website at **http://www.donlinrecano.com/daffys** or call the Debtor's claim agent, Donlin, Recano & Company, at **(212) 771-1128**.

6.  **Consequences of Failing to File:** Any creditor who is required, but fails, to file by the applicable deadline shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim or Proof of Administrative Expense thereto), the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in this chapter 11 case or participate in any distribution in the Debtor's chapter

| | |
|---|---|
| Court for the Southern District of New York. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled.  A list of "Notice Parties" is included in the Order scheduling a Confirmation Hearing [Doc. No. __]. | **11 case on account of such claim or to receive further notices regarding such claim.** |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM OR A PROOF OF ADMINISTRATIVE EXPENSE.**

WEIL, GOTSHAL & MANGES LLP, 767 Fifth Avenue, New York, New York 10153, Telephone:  (212) 310-8000, Facsimile:  (212) 310-8007, *Proposed Attorneys for the Debtor and Debtor in Possession*

2