Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
DAFFY'S, INC.,                          :        Case No. 12-_____ (___)
                                        :
        Debtor.                         :
                                        :
--------------------------------------------------------------x
```

**MOTION OF DEBTOR FOR AN ORDER FIXING**
**A FINAL DATE FOR FILING REQUESTS FOR PAYMENT**
**OF CERTAIN ADMINISTRATIVE EXPENSES, ESTABLISHING**
**DEADLINES FOR FILING PROOFS OF CLAIM FOR PREPETITION**
**CLAIMS, AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF,**
**PURSUANT TO SECTIONS 502(b)(9) AND 503(a) OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULES 2002(a)(7), (f), (l), AND 3003(c)(3), AND LOCAL RULE 3003-1**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Daffy's, Inc., as debtor and debtor in possession (the "***Debtor***"), hereby moves

(the "***Motion***") for entry of an order (the "***Bar Date Order***") seeking the following relief:

(i) establishing the date that is a business day **42 days after the date of**

**the Bar Date Order at 5:00 p.m. (prevailing Eastern Time)** as the deadline (the

"***General Bar Date***") to file proofs of claim with respect to prepetition claims (each a

"***Proof of Claim***," and, collectively, "***Proofs of Claim***");

(ii) establishing the date that is a business day **180 days after the date**

**hereof at 5:00 p.m. (prevailing Eastern Time)** as the deadline (the "***Governmental Bar***

*Date*" and, together with the General Bar Date, the "***Prepetition Bar Dates***") for

governmental units (as defined in section 101(27) of chapter 11 of title 11 of the United

States Code (the "***Bankruptcy Code***"), the "***Governmental Units***") to file Proofs of

Claim;

(iii) establishing 5:00 p.m. (prevailing Eastern Time) on the date that is ten

business days after the date (the "***Confirmation Date***") scheduled for the commencement

of the hearing on confirmation of the Debtor's chapter 11 plan (the "***Plan***")[1] as the final

date (the "***Administrative Bar Date***") for claimants to file requests for payment of certain

administrative expenses (each a "***Proof of Administrative Expense***," and, collectively,

"***Proofs of Administrative Expenses***");

(iv) approving the proposed form and manner of actual notice of the

Prepetition Bar Dates (the "***Prepetition Bar Date Notice***") and the Administrative Bar

Date (the "***Administrative Bar Date Notice***");

(v) approving the proposed form and manner of publication notice of the

Prepetition Bar Dates and the Administrative Bar Date (the "***Publication Bar Date

Notice***); and

(vi) approving the proposed form of Proof of Claim (the "***Proof of Claim

Form***") and the proposed form of Proof of Administrative Expense (the "***Proof of

Administrative Expense Form***").

In support of the Motion, the Debtor submits the *Declaration of Richard F. Kramer in Support of

Daffy's Chapter 11 Petition and Requests for First Day Relief* (the "***Kramer Declaration***"), filed

contemporaneously herewith, and respectfully represents as follows:

---

[1] *Debtor's Plan Under Chapter 11 of the Bankruptcy Code*, dated August 1, 2012.

2

## Background

1.      On the date hereof (the "***Commencement Date***"), the Debtor commenced with this Court a voluntary case under the Bankruptcy Code.  The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtor is an off-price retailer of designer fashions for women, men, children, and the home, located in the New York metropolitan area and Philadelphia.  For additional background on the Debtor's business, see the Kramer Declaration.

## Jurisdiction

3.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4.      On the Commencement Date, the Debtor filed the Plan, which provides for the payment in full of all prepetition claims against the Debtor.  Although the Debtor believes that the liquidation of its inventory pursuant to that certain *Agency Agreement*, dated July 31, 2012, among the Debtor, Gordon Brothers Retail Partners, LLC, and Hilco Merchant Resources, LLC,[2] and the disposition of its leasehold interests pursuant to that certain *Asset Purchase, Assignment and Support Agreement*, dated as July 18, 2012, among the Debtor, Marcia Wilson,

---

[2] Contemporaneously herewith, the Debtor has filed its *Motion of Debtor for an Order (I) Authorizing Debtor to Sell Assets Through Store Closing Sales, (II) Approving (A) Assumption of Agency Agreement and (B) Store Closing Sale Procedures, (III) Exempting the Debtor From Compliance With Contractual and Statutory Store Closing Sale Restrictions, and (IV) Granting Related Relief Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6003 and 6004.*

3

The Wilson 2003 Family Trust, and Jericho Acquisitions I LLC[3] will yield more than sufficient

proceeds to pay all prepetition claims in full, the Debtor seeks to fix a bar date sufficiently prior

to the Confirmation Date to afford the Debtor adequate time to review any filed claims and

prepare a showing for the Court at confirmation that the Plan is feasible.  In addition, to ensure

that all claims and administrative expenses are addressed before any distributions are made to

holders of equity interests under the Plan, the Debtor is requesting the Court to set a bar date for

holders of administrative expenses that might not otherwise be reflected on the Debtor's books

and records (as described more fully herein) to file Proofs of Administrative Expense.  Fixing the

proposed Prepetition Bar Dates and Adminitative Bar Date will enable the Debtor to receive,

process, and reconcile creditors' claims in a timely and efficient manner and expedite the

administration of this chapter 11 case.

## I.    The Prepetition Bar Dates

### A.    Fixing the Prepetition Bar Date at this Time Is Justified

5.    Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the

"***Bankruptcy Rules***") provides that the Court shall fix the time within which claimants must file

proofs of claim in a chapter 11 case.  Moreover, Bankruptcy Rule 3003(c)(2) requires that any

claimant who asserts a claim against the Debtor that arose prior to the Commencement Date and

(a) is not scheduled in the Debtor's schedules of assets and liabilities (the "***Schedules***") or (b) is

listed on the Schedules as disputed, contingent, or unliquidated must file a Proof of Claim by a

bar date fixed by the Court.  Section 502(b)(9) of the Bankruptcy Code provides that a proof of

---

[3] Contemporaneously herewith, the Debtor has filed its *Motion of the Debtor for an Order (I) Approving Debtor's (A) Assumption of Asset Purchase, Assignment, and Support Agreement, (B) Assumption, Assignment, and Sale of Unexpired Lease to Purchaser, (C) Entry into Assignment Agreement, and (D) Payment of Purchaser Transaction Expenses, and (II)Extending the Time to Assume or Reject Unexpired Leases Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014.*

US_ACTIVE:\44033470\16\39982.0003

claim filed by "a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief." The Debtor filed its Schedules on the Commencement Date.

6.      The Second Amended Procedural Guidelines for Filing Requests for Bar Orders in the United States Bankruptcy Court for the Southern District of New York, dated November 24, 2009, and established by the Board of Judges for the Southern District of New York (General Order M-386, Amending General Order M-350) (the "***Procedural Guidelines***") require that all requests for bar date orders conform substantially to the standard order and notice provided for in the Procedural Guidelines. Among other things, the Procedural Guidelines require a debtor to give at least 35 days' notice of a bar date.

7.      Based on the procedures set forth below, the proposed Prepetition Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim.

**B.      The Proposed Procedures for Filing Proofs of Claim**

8.      The Debtor proposes the following procedures for filing Proofs of Claim:

a)      Unless otherwise provided herein, the General Bar Date shall be the date that is a business day **42 days after the date of the Bar Date Order at 5:00 p.m. (prevailing Eastern Time).**

b)      Unless otherwise provided herein, the Governmental Bar Date shall be the date that is a business day **180 days after the Commencement Date at 5:00 p.m. (prevailing Eastern Time).**

c)      Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Commencement Date; (iii) conform substantially to the form attached to the Bar Date Order as ***Exhibit "5"*** (the "***Proof of Claim Form***"); (iv) set forth with specificity the legal and factual basis for the alleged claim (hereinafter, "***Claim***," or collectively, "***Claims***," as defined in section 101(5) of the Bankruptcy Code); (v) include supporting documentation for the Claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

5

d)     A Proof of Claim shall be deemed timely filed only if it is ***actually received*** by the Debtor's proposed claims agent,[4] Donlin, Recano & Company, Inc. ("***DRC***") on or before the applicable Prepetition Bar Date as follows:

If by hand delivery or overnight courier:

> Donlin, Recano & Company, Inc.
> Re: Daffy's, Inc.
> 419 Park Avenue South, Suite 1206
> New York, NY 10016

If by first-class mail:

> Donlin, Recano & Company, Inc.
> Re: Daffy's, Inc.
> P.O. Box 899
> Madison Square Station
> New York, NY 10010

e)     Proofs of Claim sent by facsimile, telecopy, or electronic transmission ***will not*** be accepted.

f)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection **on or before the General Bar Date if such executory contract or unexpired lease is rejected pursuant to Section 8.3 of the Plan, or if otherwise rejected pursuant to a motion filed by the Debtor, then on the later of (i) the General Bar Date and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one days following the effective date of such rejection** (unless the order authorizing such rejection provides otherwise), or be forever barred from doing so.

g)     ***Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a Claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages Claim) must file a Proof of Claim for such amounts on or before the General Bar Date unless such party otherwise need not file a Proof of Claim pursuant to the exceptions set forth in the order.***

---

[4] Contemporaneously herewith, the Debtor has filed an application to retain DRC as its claims agent, *Debtor's Application Pursuant to Section 156(c) of the Judicial Code, Local Rule 5075-1 and General Order M-409 to Retain Donlin, Recano & Company, Inc. as Notice and Claims Agent.*

6

h)    If the Debtor amends or supplements its Schedules subsequent to the date of entry of the Bar Date Order, the Debtor will give notice of any such amendment, supplement, or termination to the holders of Claims affected thereby, and such holders must file a Proof of Claim by the later of (i) the applicable Prepetition Bar Date and (ii) **30 days** following the date of such notice, or be forever barred from doing so, and such deadline will be contained in any notice provided to the holders of Claims affected thereby.

i)    The following persons or entities are ***not*** required to file a Proof of Claim on or before the applicable Prepetition Bar Date, solely with respect to the Claims described below:

    1.    any person or entity whose Claim is listed on the Schedules, but ***only if*** (i) the Claim is ***not*** listed on the Schedules as "disputed," "contingent," or "unliquidated," ***and*** (ii) the person or entity does not dispute the amount, nature, and priority of the Claim as set forth in the Schedules;

    2.    any person or entity whose Claim has been paid in full;

    3.    any person or entity that holds an equity security interest in the Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a Claim (as opposed to an ownership interest) against the Debtor (including a Claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the General Bar Date;

    4.    any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (***other than*** a holder of a Claim arising under section 503(b)(9) of the Bankruptcy Code);

    5.    any person or entity that holds a Claim that has been allowed by order of the Court entered on or before the applicable Prepetition Bar Date;

    6.    any officer, director, or employee for a Claim for compensation, wages, or benefits; *provided, however*, any officer, director, or employee must file a Proof of Claim if he or she wishes to assert any other Claims against the Debtor unless another exception identified herein applies;

    7.    any holder of a Claim for which a separate deadline has been fixed by this Court; or

7

8.     any person or entity who already has filed a Proof of Claim with DRC against the Debtor, using a claim form that substantially conforms to the Proof of Claim Form.

**C.**      **Consequences for Failure to File a Proof of Claim**

9.     Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor requests that any holder of a Claim against the Debtor who is required to file a proof of such Claim in accordance with the Bar Date Order, but fails to do so on or before the applicable Prepetition Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such Claim. Moreover, the holder of such Claim shall not be permitted to vote to accept or reject any plan filed in this chapter 11 case, participate in any distribution in this chapter 11 case on account of such Claim, or receive further notices regarding such Claim.

**D.**      **Actual Notice of the Prepetition Bar Dates**

10.     Pursuant to Bankruptcy Rules 2002(a)(7), (f) and (l), and the Procedural Guidelines, the Debtor proposes to provide actual notice of the Prepetition Bar Dates in accordance with the following procedures:

a)     Within **five business days** after the date of the Bar Date Order, the Debtor will cause to be mailed (i) a Proof of Claim Form (in either hard copy or electronic format) and (ii) the Prepetition Bar Date Notice (substantially in the form attached to the Bar Date Order as *Exhibit "1"*) to the following parties (the "*Notice Parties*"):

1.     The U.S. Trustee;

2.     the Internal Revenue Service, the Securities and Exchange Commission, and the United States Attorney's Office for the Southern District of New York;

3.     any other party that files a request for service of pleadings in this chapter 11 case pursuant to Rule 2002 (as of the date of the entry of the Bar Date Order);

8

4.  all creditors who are listed on the Schedules;

5.  all parties to executory contracts and unexpired leases listed on the Schedules;

6.  certain of the Debtor's former employees and other vendors;

7.  the attorneys of record for all parties to pending litigation against the Debtor (as of the date of the entry of the Bar Date Order); and

8.  all equity interest holders.

b)  The Debtor has a customer loyalty program pursuant to which customers register their email addresses with the Debtor in order to receive notices of events relating to the Debtor.  Although the Debtor does not believe that its customers, other than customers who are holding unused gift cards, have any Claims against the Debtor, to provide broad notice of the General Bar Date, the Debtor wishes to send an email to its customers notifying them of the chapter 11 filing as well as the General Bar Date.  Accordingly, within **five business days** after the date of the Bar Date Order, the Debtor will cause an e-mail notice of the *General Bar Date* (the "*E-mail Notice*") to be sent to all customers on the Debtor's customer e-mail list (substantially in the form attached to the Bar Date Order as *Exhibit "3"*).

11.  The proposed Prepetition Bar Date Notice, attached to the Bar Date Order as *Exhibit "1,"* substantially conforms to the form annexed to the Procedural Guidelines.  The Prepetition Bar Date Notice informs parties of (a) the Prepetition Bar Dates, (b) who must file a Proof of Claim, (c) the procedure for filing a Proof of Claim, (d) the consequences for failing to timely file a Proof of Claim, and (e) where parties can find additional information.  To the extent the Debtor is mailing any party a Confirmation Package (as hereinafter defined), the Debtor may include the Prepetition Bar Date Notice in such mailing.

**E.  The Employee Bar Date Notice**

12.  The Debtor also proposes to provide a customized employee notice, substantially in the form attached to the Bar Date Order as *Exhibit "7"* (the "*Employee Bar Date Notice*"), to all current employees.

9

13.     Because the Debtor has asked for authorization to pay the Debtor's prepetition employee wage and benefit obligations in the ordinary course, the Debtor currently intends, pending court approval, to continue to satisfy such obligations in the ordinary course. As the Debtor has explicitly exempted Claims arising from wages and benefits from the proposed General Bar Date, the Debtor submits that providing notice of the General Bar Date to employees may not be necessary.

14.     Nonetheless, out of an abundance of caution, the Debtor proposes to provide the Employee Bar Date Notice to all current employees.  The Employee Bar Date Notice explicitly provides that, while employees do not need to file a Proof of Claim with respect to wages or benefits, employees must file a Proof of Claim prior to the General Bar Date to assert any other Claims.  The Employee Bar Date Notice also provides a contact person and telephone number for employees to obtain more information on how to file a Proof of Claim.

**F.     The Proof of Claim Form**

15.     With the assistance of DRC, the Debtor has prepared the Proof of Claim Form.  The Proof of Claim Form substantially conforms to Official Bankruptcy Form 10, but is tailored to this chapter 11 case.  The substantive modifications to the Official Bankruptcy Form 10 proposed by the Debtor include the following:

a)     adding a field to determine whether a 503(b)(9) Claim is being asserted;

b)     indicating how the Debtor has identified each creditor's respective Claim on the Schedules, including the amount of the Claim and whether the Claim has been listed as contingent, unliquidated, or disputed; and

c)     adding certain instructions.

10

US_ACTIVE:\44033470\16\39982.0003

### G.    The Proposed Prepetition Bar Dates and Notice Procedures
Are Reasonably Calculated to Provide Due and Proper Notice

16.    Bankruptcy Rule 2002(a)(7) requires the Debtor to provide at least 21 days' notice of the deadline to file proofs of claim.  Bankruptcy Rule 2002(p)(2) requires 30 days' notice to creditors with a foreign address.  The Procedural Guidelines require at least 35 days' notice for all creditors.  Under the Proposed Bar Date Order, the Debtor will be providing at least 35 days' actual notice to all known creditors, including foreign creditors, which is more than required under the Bankruptcy Code and the Bankruptcy Rules, and which is at least what is required by the Procedural Guidelines.  The Debtor has been advised by DRC that based upon the number of entities to which the Debtor proposes to provide actual notice, DRC will be ready to mail the Proof of Claim Forms and the Prepetition Bar Date Notice within **five business days** after the Bar Date Order is signed.  Accordingly, the Debtor is requesting that the General Bar Date be set on a business day that is 42 days after the date the Court signs the Bar Date Order.  Accordingly, the Debtor submits that the proposed Prepetition Bar Dates and notice procedures provide sufficient time for all parties in interest, including foreign creditors, to assert their Claims.

17.    Further, any of the Debtor's customers who have provided their e-mail address to the Debtor will receive the E-mail Notice within **five business days** after the date of the Bar Date Order, and, thus, also will be notified of the General Bar Date at least 35 days prior to the General Bar Date.[5]  Because the Debtor has no reason to believe that any of these customers hold a Claim against the Debtor, the Debtor is providing notice out of an abundance of caution and respectfully submits that mailing the Prepetition Bar Date Notice to such customers

---

[5] The Debtor's customer list contains approximately 140,000 e-mail addresses.  To protect the privacy of the Debtor's customers, the Debtor requests that the Court direct the affidavit of service associated with the E-mail Notice to be filed under seal.

US_ACTIVE\44033470\16\39982.0003

is unnecessary, and the cost of such a mailing provides no corresponding benefit to the estate.  In

any event, in most cases, the Debtor has e-mail addresses for these customers, but not their

mailing addresses, and for those customers in which the Debtor does have a mailing address,

such addresses are approximately three years old.

        18.     DRC will also post the Proof of Claim Form, along with instructions for

filing Proofs of Claim, on the website established in this chapter 11 case,

**http://www.donlinrecano.com/daffys**.  The Prepetition Bar Date Notice also will provide that

the Schedules may be accessed through the same website or by contacting DRC at **(212) 771-**

**1128**.

        19.     Accordingly, the Debtor submits that no further or other notice of the

Prepetition Bar Dates is necessary and that the proposed notice procedures provide due and

proper notice of the Prepetition Bar Dates.

      **H.**      **Objections to Claims and Reservation of Rights**

        20.     The Debtor reserves all rights and defenses with respect to any Proof of

Claim, including, among other things, the right to object to any Proof of Claim on any grounds.

The Debtor also reserves all rights and defenses to any Claim listed on the Schedules, including,

among other things, the right to dispute any such Claim and assert any offsets or defenses

thereto.  To the extent the Debtor disputes any Claim listed on its Schedules and such Claim is

not already listed as disputed, contingent, or unliquidated, the Debtor shall amend its Schedules

as appropriate.

        21.     Further, the Debtor reserves the right to seek a further order of this Court

fixing a deadline by which holders of Claims not subject to the Prepetition Bar Dates must file

Proofs of Claim against the Debtor or be forever barred from doing so.

US_ACTIVE:\44033470\16\39982.0003

## II.    Administrative Bar Date

### A.    Fixing the Administrative Bar Date at this Time is Justified

22.    Section 503(a) of the Bankruptcy Code provides that "[a]n entity may

*timely* file a request for payment of an administrative expense, or may tardily file such request if

permitted by the court for cause."  11 U.S.C. § 503(a) (emphasis added).  An inference can be

drawn, therefore, that a deadline may be established for filing administrative expenses to enable

a debtor and its creditors to know what entities are asserting such Claims and in what amounts.

Importantly, section 1129(a)(9)(A) of the Bankruptcy Code requires payment of allowed

administrative expenses in full, in cash, on the effective date of a plan of reorganization unless

the holder of such expense agrees to a different treatment.  Furthermore, Bankruptcy

Rule 3003(c) authorizes a bankruptcy court to fix a time within which proofs of claim (including

requests for payment of administrative expenses) must be filed against a debtor in its chapter 11

case.

23.    The method by which an Administrative Expense[6] becomes Allowed

under the Plan differs depending upon the type of Administrative Expense that is being asserted.

Pursuant to sections 1.1, 1.4, and 2.1 of the Plan, each Administrative Expense that represents an

actual or necessary cost or expense of preserving the Debtor's estate or operating the Debtor's

business for payment of goods, services, wages, or benefits or for credit extended to the Debtor,

as debtor in possession, will be Allowed to the extent that such postpetition liability is reflected

on the Debtor's books and records as of the Effective Date.  Pursuant to Section 2.1(a) of the

Plan, Administrative Expenses will receive the following treatment:

---

[6] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Plan.

US_ACTIVE:\44033470\16\39982.0003

    i.      Each Administrative Expense of the type specified in section 1.4(c)(i) of the Plan (which is intended to represent the actual or necessary expenses of preserving the estate or operating the Debtor's business for payment of goods, services, wages, or benefits or for credit extended to the Debtor, as debtor in possession) will be paid in full and performed by the Debtor in the ordinary course of business in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions.

    ii.     Any Administrative Expense of the type specified in section 1.4(c)(iv) (which represents Claims of professional persons employed under section 327 or 1103 of the Bankruptcy Code) will be paid in full, in Cash, to the extent it is allowed by a Final Order of the Bankruptcy Court.

    iii.    Any Administrative Expense of the type specified in section 1.4(c)(v) (which represents amounts due and owing under the DIP Credit Facility) will be paid in full, in Cash.

    iv.    Any other Administrative Expense that is timely asserted against the Debtor but disputed by the Debtor will only become Allowed when the Court enters an order allowing such Administrative Expense and such order becomes a Final Order. Each Administrative Expense of the type specified in sections 1.4(c)(ii) or 1.4(c)(iii) of the Plan (which reflect disputed or contingent Administrative Expenses) will be paid in full, in Cash, as soon as practicable after such Administrative Expense is Allowed.

    24.    The circumstances of the Debtor's chapter 11 case justify the setting of the Administrative Bar Date at this time. Because the Plan seeks to distribute all remaining value to holders of Equity Interests after the passage of the Governmental Bar Date and payment of *all* Allowed Claims and Allowed Administrative Expenses against the Debtor, it is essential that the Debtor be able to ascertain the amount of Administrative Expenses prior to consummation of the Plan.

**B.**    **Proposed Procedures for**
        **<u>Filing Specified Administrative Expenses</u>**

    25.    Under the Bar Date Order, not all holders of Administrative Expenses are required to file a Proof of Administrative Expense. Specifically, the Proposed Order provides that **only** those persons or entities asserting any of the following types of Administrative

US_ACTIVE:\44033470\16\39982.0003

Expenses must file proof of such Administrative Expense by the Administrative Bar Date

(collectively, the "*Specified Administrative Expenses*"):

1.    Any Administrative Expense representing personal injury, property damage, or other tort Claims against the Debtor;

2.    Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by the Debtor;

3.    Any Administrative Expense for amounts incurred by the Debtor after the Commencement Date in the ordinary course of the Debtor's business if payment of such amounts is alleged to be overdue by at least 30 days as of the Confirmation Date;

4.    Any Administrative Expense incurred by the Debtor *outside* the ordinary course of business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense was approved by the Bankruptcy Court (*e.g.*, the DIP Credit Facility Claim)[7] or represents fees and expenses of professionals arising under sections 330, 331, 503(b)(2)-(5) of the Bankruptcy Code;

5.    Any Administrative Expense that would *not* ordinarily be reflected as a payable on the Debtor's books and records or as a liability on the Debtor's financial statements; or

6.    Any Administrative Expense representing an employee Claim against the Debtor, *other than* a Claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by the Debtor as of the Commencement Date.

*Creditors are only required to file a Proof of Administrative Expense if they believe their*

*Claim constitutes a Specified Administrative Expense.*  Nothing in this Motion, however,

should be construed as extending the time for the holder of a Claim arising under

---

[7] The Debtor believes that any obligation arising under a contract entered into by the Debtor after the Commencement Date or any obligation to pay for goods or services received after the Commencement Date is an obligation arising in the ordinary course of business and pursuant to ordinary business terms, and the holder of any such administrative expense does not need to file a Proof of Administrative Expense *unless* such administrative expense is alleged to be overdue by at least 30 days as of the Confirmation Date or is an obligation under a contract other than to pay the specified amounts stated therein.  For example, a party to a postpetition contract with the Debtor *would* be required to file a Proof of Administrative Expense if such party was asserting an indemnification obligation thereunder or asserting that such Debtor in some way committed a breach of such contract.

US_ACTIVE:\44033470\16\39982.0003

section 503(b)(9) of the Bankruptcy Code to assert such Claim against the Debtor.  Any Claim of

that nature is required to be filed by the applicable Prepetition Bar Date and any holder of a

Claim that timely fails to assert such Claim will be barred from asserting it.

26.    Typically, an administrative expense bar date will require *all* holders of

Administrative Expenses, with certain enumerated exceptions, to file proof of such

administrative expenses.  The exceptions, however, usually are fairly broad and often ill-defined.

By only requiring certain types of Administrative Expenses to be asserted by the Administrative

Bar Date, the Debtor is simply trying to "flush out" potential Administrative Expenses of which

the Debtor may be unaware and provide parties that might assert such "extraordinary"

Administrative Expenses the opportunity to assert such Claims and avoid having them

discharged as a result of the operation of section 1141(d)(1)(A) of the Bankruptcy Code.

27.    The Bar Date Order requires persons or entities asserting Specified

Administrative Expenses against the Debtor to file an original written Proof of Administrative

Expense so as to be received by DRC on or before the Administrative Bar Date as follows:

If by hand delivery or overnight courier:

Donlin, Recano & Company, Inc.
Re: Daffy's, Inc.
419 Park Avenue South, Suite 1206
New York, NY 10016

If by first-class mail:

Donlin, Recano & Company, Inc.
Re: Daffy's, Inc.
P.O. Box 899
Madison Square Station
New York, NY 10010

28.    DRC *will not* accept Proofs of Administrative Expense by facsimile,

telecopy, or any electronic transmission.

16

29.     The Bar Date Order further provides that the form of any Specified

Administrative Expense must conform substantially to the Proof of Administrative Expense

Form attached to the Bar Date Order as ***Exhibit "6."***  Such form will be posted on the website

established by the Debtor in connection with the Debtor's chapter 11 case,

**www.donlinrecano.com/daffys**, or may be obtained by contacting DRC at **(212) 771-1128**.

**C.      Consequences of Failure
         to File an Administrative Expense**

30.     The Bar Date Order provides that ***if a holder of a Specified***

***Administrative Expense is required to file a Proof of Administrative Expense and fails to do so***

***such that it is ACTUALLY RECEIVED by DRC at the address specified above prior to the***

***Administrative Bar Date, then such Administrative Expense will be barred and discharged,***

***and the holder of such Administrative Expense will have no right to assert such***

***Administrative Expense against the Debtor, its estate, or the Post Effective Date Debtor***.

**D.      <u>Actual Notice of the Administrative Bar Date</u>**

31.     Pursuant to the Proposed Order, Bankruptcy Rule 2002(a)(7), and in the

manner provided for by Bankruptcy Rule 3017(d), the Debtor (with the assistance of DRC) will

mail, as part of the packages to be sent to creditors and parties in interest of the confirmation

procedures in connection with the Plan (the "***Confirmation Packages***"), a notice of the

Administrative Bar Date substantially in the form attached to the Bar Date Order as ***Exhibit "2."***

In addition, if any of the following entities does not receive a Confirmation Package (and the

Administrative Bar Date Notice), the Debtor will cause the Administrative Bar Date Notice to be

sent to such entity by United States Postal Service, first-class mail, in the manner provided for by

Bankruptcy Rule 3017(d): (a) all entities that supplied goods or rendered services to the Debtor

after the Commencement Date (other than professionals retained by the Debtor during the

17

Debtor's chapter 11 case) and had not supplied goods or rendered services to the Debtor prior to the Commencement Date, (b) all parties to contracts with the Debtor that were entered into by the Debtor after the Commencement Date, and (c) all parties to actions commenced against the Debtor after the Commencement Date.  The Debtor will cause the Administrative Bar Date Notice to be mailed to any such party within **three business days** after becoming aware of any such party's identity.

         **E.**      **The Proposed Actual Notice of the
Administrative Bar Date Is Reasonable and Adequate**

        32.     As noted above, the Debtor proposes that the Administrative Bar Date Notice be included in the Confirmation Packages to be mailed to creditors and parties in interest after the Court has approved certain confirmation procedures with respect to the Plan.  By establishment of the Administrative Bar Date as the tenth business day after the Confirmation Date, all potential claimants will have as much or more notice of the opportunity to file Specified Administrative Expenses as eligible creditors will have for timely filing Proofs of Claim.  Such period provides ample notice of the time within which to file a Specified Administrative Expense, as Bankruptcy Rule 2002(a)(7) requires only 21 days' notice of a bar date.

        33.     Moreover, the Debtor submits that the proposed form of Administrative Bar Date Notice is clear and concise and provides sufficient information to the holders of Specified Administrative Expenses informing them of the (i) Administrative Bar Date, (ii) instructions for the filing of Proofs of Administrative Expense, and (iii) consequences of failing to file a Proof of Administrative Expense by the Administrative Bar Date.

**III.**    **Publication Notice of the Prepetition Bar Dates and the Administrative Bar Date**

        34.     In addition to mailing the Prepetition Bar Date Notice, sending the E-mail Notice, and mailing the Administrative Bar Date Notice, the Debtor has determined that it would

US_ACTIVE:\44033470\16\39982.0003

be in the best interest of its estate to give notice by publication to certain creditors, including

(i) those creditors to whom no other notice was sent and who are unknown or not reasonably

ascertainable by the Debtor; (ii) known creditors with addresses unknown by the Debtor; and

(iii) potential creditors with Claims unknown by the Debtor.

35.    Pursuant to Bankruptcy Rules 2002(f) and (l), the Debtor seeks authority

to publish the Publication Bar Date Notice, substantially in the form attached to the Bar Date

Order as *Exhibit "4."*  The Publication Bar Date Notice will provide notice of the Prepetition

Bar Dates and the Administrative Bar Date, including general information as to who must file a

Proof of Claim or Proof of Administrative Expense, the procedures for filing a Proof of Claim or

Proof of Administrative Expense, the consequences of failing to timely file a Proof of Claim or

Proof of Administrative Expense, and the contact information to find out more information and

detail regarding the same.[8]  The Debtor submits that the shorter Publication Bar Date Notice is

appropriate because of the significant costs of publishing the longer Prepetition Bar Date Notice

and the longer Administrative Bar Date Notice.

36.    The Debtor proposes to publish, within **five business days** after the date

of the Bar Date Order, the Publication Bar Date Notice once in *The New York Times* and

*Women's Wear Daily*.

37.    As the proposed procedures will provide notice to all known and unknown

parties in interest by mail, e-mail, or publication, the Debtor submits that the proposed notice

procedures are reasonably calculated to provide notice to all parties that may wish to assert a

Claim in this chapter 11 case.

---

[8] The Publication Bar Date Notice will also include information relating to the Confirmation Hearing.
Contemporaneously herewith, the Debtor filed a motion seeking approval to, among other things, publish
notice of the Confirmation Hearing.

US_ACTIVE:\44033470\16\39982.0003

38.     Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted in all respects.

## Notice

39.     No trustee or examiner has been appointed in this chapter 11 case.  Notice of this Motion has been provided to the following: (a) the United States Trustee for Region 2; (b) those creditors holding the thirty largest unsecured claims against the Debtor's estate; (c) Wells Fargo Bank, National Association, as the Debtor's prepetition and postpetition lender; (d) the attorneys for Wells Fargo Bank, National Association; (e) Jericho Acquisitions I LLC; (f) the attorneys for Jericho Acquisition I LLC; (g) Gordon Brothers Retail Partners, LLC, and Hilco Merchant Resources, LLC; (h) the attorneys for Gordon Brothers Retail Partners, LLC, and Hilco Merchant Resources, LLC; and (*i*) the attorneys general for the States of New York and New Jersey and the Commonwealth of Pennsylvania (collectively, the "***Notice Parties***"). The Debtor submits that no other or further notice need be provided.

US_ACTIVE:\44033470\16\39982.0003

40.    No previous request for the relief sought herein has been made by the

Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:   August 1, 2012
         New York, New York

                                    /s/ Debra A. Dandeneau
                                    Debra A. Dandeneau
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007

                                    *Proposed Attorneys for Debtor and
                                    Debtor in Possession*

21

## **Exhibit A**

**Proposed Bar Date Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                              :
*In re*                                       :         **Chapter 11**
                                              :
**DAFFY'S, INC.,**                            :         **Case No. 12-_____ (__)**
                                              :
              **Debtor.**                     :
                                              :
------------------------------------------------------------------x

**ORDER FIXING A FINAL DATE FOR
FILING REQUESTS FOR PAYMENT OF CERTAIN
ADMINISTRATIVE EXPENSES, ESTABLISHING DEADLINES
FOR FILING PROOFS OF CLAIM FOR PREPETITION CLAIMS,
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF,
PURSUANT TO SECTIONS 502(b)(9) AND 503(a) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 2002(a)(7), (f), (*l*), AND 3003(c)(3), AND LOCAL RULE 3003-1**

Upon the motion (the "***Motion***")[1] of Daffy's, Inc., as debtor and debtor in

possession (the "***Debtor***"), for an order, pursuant to sections 502(b)(9) and 503(a) of title 11 of

the Bankruptcy Code, Rules 2002(a)(7), (f) and (*l*) and 3003(c) of the Bankruptcy Rules, and

Rule 3003-1 of the Local Rules of the Bankruptcy Court for the Southern District of New York

(i) fixing a deadline (the "***General Bar Date***") for filing Proofs of Claim with respect to

prepetition claims; (ii) fixing a deadline (the "***Governmental Bar Date***" and, together with the

General Bar Date, the "***Prepetition Bar Dates***") for Governmental Units to file Proofs of Claim;

(iii) fixing a final date (the "***Administrative Bar Date***") for claimants to file Proofs of

Administrative Expense; (iv) approving the proposed form and manner of actual notice of the

Bar Dates (the "***Prepetition Bar Date Notice***") and the Administrative Bar Date (the

"***Administrative Bar Date Notice***"); (v) approving the proposed form and manner of publication

notice of the Prepetition Bar Dates and the Administrative Bar Date (the "***Publication Bar Date***

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Motion.

*Notice*); and (vi) approving the proposed form of Proof of Claim Form and the proposed form of

Proof of Administrative Expense From, all as set forth more fully in the Motion; and the Court

having jurisdiction to consider the application and grant the requested relief in accordance with

28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January

31, 2012 (Preska, C.J.); and consideration of the Motion being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; the Court finds and determines that the requested relief is in the best interests of the Debtor

and its estate; and that adequate notice has been given and that no further notice is necessary; and

after due deliberation and good and sufficient cause appearing therefor, it is HEREBY

ORDERED AS FOLLOWS:

1.      The Motion is granted as set forth herein.

2.      Pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided

herein, **September ___, 2012 at 5:00 p.m. (prevailing Eastern Time)** is established as the

General Bar Date for all persons and entities (including, without limitation, individuals,

partnerships, corporations, joint ventures, and trusts) to file Proofs of Claim based on prepetition

claims against the Debtor.

3.      Pursuant to section 502(b)(9) of the Bankruptcy Code, **January ___, 2013

at 5:00 p.m. (prevailing Eastern Time)** is established as the Governmental Bar Date for

Governmental Units to file Proofs of Claim against the Debtor.

4.      Pursuant to section 503(a) of the Bankruptcy Code and Bankruptcy Rule

3003(c)(3), the date that is ten (10) business days after the Confirmation Date is established as

the Administrative Bar Date for all persons and entities (including, without limitation,

individuals, partnerships, corporations, joint ventures, and trusts) to file Proofs of Administrative

Expense against the Debtor.

2

5.      The following procedures for filing Proofs of Claim are approved:

a)      Proofs of Claim must: (i) be written in the English language; (ii) be
denominated in lawful currency of the United States as of the
Commencement Date; (iii) conform substantially to the form attached
hereto as **Exhibit "5"** (the "**Proof of Claim Form**") (iv) set forth with
specificity the legal and factual basis for the alleged claim; (v) include
supporting documentation for the claim or an explanation as to why such
documentation is not available; and (vi) be signed by the claimant or, if
the claimant is not an individual, by an authorized agent of the claimant.

b)      A Proof of Claim shall be deemed timely filed only if it is **actually
received** by the Debtor's proposed claims agent, Donlin, Recano &
Company, Inc. ("**DRC**") on or before the applicable Bar Date as follows:

If by hand delivery or overnight courier:

Donlin, Recano & Company, Inc.
Re: Daffy's, Inc.
419 Park Avenue South, Suite 1206
New York, NY 10016

If by first-class mail:

Donlin, Recano & Company, Inc.
Re: Daffy's, Inc.
P.O. Box 899
Madison Square Station
New York, NY 10010

c)      Proofs of Claim sent by facsimile, telecopy, or electronic transmission **will
not** be accepted.

d)      Any person or entity (including, without limitation, individuals,
partnerships, corporations, joint ventures, trusts, and Governmental Units)
that asserts a Claim that arises from the rejection of an executory contract
or unexpired lease must file a Proof of Claim based on such rejection **on
or before the General Bar Date if such executory contract or
unexpired lease is rejected pursuant to Section 8.3 of the Plan, or if
otherwise rejected pursuant to a motion filed by the Debtor, then on
the later of (i) the General Bar Date and (ii) 5:00 p.m. (Prevailing
Eastern Time) on the date that is twenty-one (21) days following the
effective date of such rejection** (unless the order authorizing such
rejection provides otherwise), or be forever barred from doing so.

e)      Notwithstanding the foregoing, a party to an executory contract or
unexpired lease that asserts a Claim on account of unpaid amounts accrued

3

and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the General Bar Date unless such party otherwise need not file a Proof of Claim pursuant to the exceptions set forth in the Order.

f)      If the Debtor amends or supplements its Schedules subsequent to the date of entry of this Order, the Debtor shall give notice of any such amendment, supplement, or termination to the holders of Claims affected thereby, and such holders must file a Proof of Claim by the later of (i) the applicable Bar Date and (ii) **thirty (30) days** following the date of such notice, or be forever barred from doing so, and such deadline shall be contained in any notice provided to the holders of Claims affected thereby.

g)      The following persons or entities are not required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the Claims described below:

1.      any person or entity whose Claim is listed on the Schedules, but *only if* (i) the Claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," and (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules;

2.      any person or entity whose Claim has been paid in full;

3.      any person or entity that holds an equity security interest in the Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a Claim (as opposed to an ownership interest) against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the General Bar Date;

4.      any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a Claim arising under section 503(b)(9) of the Bankruptcy Code);

5.      any person or entity that holds a Claim that has been allowed by order of the Court entered on or before the applicable Bar Date;

6.      any officer, director, or employee for a Claim for compensation, wages, or benefits; *provided*, *however*, any officer, director, or employee must file a Proof of Claim if he or she wishes to assert

4

any other Claims against the Debtor unless another exception identified herein applies;

7.      any holder of a Claim for which a separate deadline has been fixed by this Court; or

8.      any person or entity who already has filed a Proof of Claim with DRC against the Debtor, utilizing a claim form that substantially conforms to the Proof of Claim Form.

6.      Any holder of a Claim against the Debtor who is required, but fails to file a proof of such claim in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped and enjoined from asserting such Claim against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in this chapter 11 case, or participate in any distribution in the Debtor's chapter 11 case on account of such claim or to receive further notices regarding such Claim.

7.      The following are approved: (i) the proposed notice of the Prepetition Bar Dates, substantially in the form attached hereto as ***Exhibit "1"*** (the "***Bar Date Notice***"), (ii) the proposed notice of the General Bar Date to certain of the Debtor's customers, substantially in the form attached hereto as ***Exhibit "3"*** (the "***E-mail Notice***"), (iii) the proposed publication notice of the Prepetition Bar Dates and the Administrative Bar Date, substantially in the form attached hereto as ***Exhibit "4"*** (the "***Publication Bar Notice***"), (iv) the Proof of Claim Form, substantially in the form attached hereto as ***Exhibit "5,"*** (v) the Proof of Administrative Expense From, substantially in the form attached hereto as ***Exhibit "6,"*** and (vi) the Employee Bar Date Notice, substantially in the form attached hereto as ***Exhibit "7."***

8.      The following Procedures are approved:

5

(a)     Within **five (5) business days** after the date of this Order, the Debtor shall cause to be mailed (i) a Proof of Claim Form (in either hard copy or electronic format) and (ii) a Prepetition Bar Date Notice to the following parties (the "***Notice Parties***"):

   1.     The U.S. Trustee;

   2.     the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney's Office for the Southern District of New York, and all applicable Governmental Units;

   3.     any other party that files a request for service of pleadings in this chapter 11 case pursuant to Rule 2002 (as of the date of the entry of this Order);

   4.     all creditors who are listed on the Schedules;

   5.     all parties to executory contracts and unexpired leases listed on the Schedules;

   6.     certain of the Debtor's former employees and other vendors;

   7.     the attorneys of record for all parties to pending litigation against the Debtor (as of the date of the entry of this Order); and

   8.     all equity interest holders.

(b)     To the extent the Debtor is mailing any party a Confirmation Package, the Debtor may include the Prepetition Bar Date Notice in such mailing.

(c)     Within **five (5) business days** after the date of this Order, the Debtor shall cause the E-mail Notice to be sent to all customers on the Debtor's customer e-mail list (substantially in the form attached hereto as ***Exhibit "3"***).

(d)     Within **five (5) business days** after the date of this Order, the Debtor shall cause the Publication Bar Notice (substantially in the form attached hereto as ***Exhibit "4"***) to be published in *Women's Wear Daily* and the *New York Times*.

   9.     With regard to those holders of Claims listed on the Schedules, the Debtor

is authorized to mail one or more Proof of Claim Forms (as appropriate), substantially similar to

the Proof of Claim Form attached hereto as ***Exhibit "5,"*** indicating on the form how the Debtor

US_ACTIVE:\44033470\16\39982.0003

has scheduled each creditor's Claim in the Schedules (including the amount of the Claim, and

whether the Claim has been scheduled as contingent, unliquidated, or disputed).

10.     Any request for payment of a Specified Administrative Expense will be

deemed timely filed only if it is actually received by DRC at the specified address on or before

the Administrative Bar Date.

11.     Requests for payment of Specified Administrative Expenses will ***not*** be

deemed properly and timely filed if sent by facsimile or telecopy.

12.     Only the following constitute Specified Administrative Expenses for

which a Proof of Administrative Expense must be filed on or before the Administrative Bar

Date:

1.     Any Administrative Expense representing personal injury, property damage, or other tort Claims against the Debtor;

2.     Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by the Debtor;

3.     Any Administrative Expense for amounts incurred by the Debtor after the Commencement Date in the ordinary course of the Debtor's business if payment of such amounts is alleged to be overdue by at least thirty (30) days as of the Confirmation Date;

4.     Any Administrative Expense incurred by the Debtor *outside* the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense was approved by the Bankruptcy Court (*e.g.*, DIP Credit Facility Claim) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2) - (5) of the Bankruptcy Code;

5.     Any Administrative Expense that would not ordinarily be reflected as a payable on the Debtor's books and records or as a liability on the Debtor's financial statements; and

6.     Any Administrative Expense representing an employee Claim against the Debtor, *other than* a Claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by the Debtor as of the Commencement Date.

7

13.     To be properly filed pursuant to this Order, each Administrative Expense shall (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form annexed hereto as **_Exhibit "6;"_** (iv) set forth with specificity the legal and factual basis for the alleged Administrative Expense; (v) include supporting documentation for the Administrative Expense or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

14.     Pursuant to Bankruptcy Rule 3003(c), if any person or entity that is required by this Order to file Proof of Administrative Expense fails to do so such that it is not **_actually received_** by DRC at the address specified above prior to the Administrative Bar Date, then such Specified Administrative Expense will be barred and discharged, and the holder of such Specified Administrative Expense will have no right to assert such Administrative Expense against the Debtor, its estate, or the Post Effective Date Debtor.

15.     Notice of entry of this Order and of the Administrative Bar Date Notice substantially in the form annexed hereto as **_Exhibit "2,"_** which Administrative Bar Date Notice is hereby approved, shall be deemed good, adequate, and sufficient notice, if such Notice is served as part of the Confirmation Packages sent to creditors and parties in interest upon the Court's approval of such packages, and by United States Postal Service, first-class mail, so that it is deposited in the mail at least thirty (30) days prior to the Administrative Bar Date, in the manner provided for by Bankruptcy Rule 3017(d).

16.     With respect to any of the following entities that do not receive a Confirmation Package, the Debtor will cause the Administrative Bar Date Notice to be mailed to any such party within three (3) business days after becoming aware of any such party's identity

8

and such notice will constitute good and sufficient notice:  (a) all entities that supplied goods or rendered services to any of the Debtor after the Commencement Date (other than professionals retained by the Debtor during the Debtor's chapter 11 case) and had not supplied goods or rendered services to the Debtor prior to the Commencement Date; (b) all parties to contracts with the Debtor that were entered into by the Debtor after the Commencement Date; and (c) all parties to actions commenced against the Debtor after the Commencement Date.

17.     Nothing in the Motion or this Order extends the deadline by which claimants are required to file a Claim against the Debtor arising under section 503(b)(9) of the Bankruptcy Code as such deadline is the General Bar Date.

18.     The Debtor and DRC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

19.     Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with Claims they may have against the Debtor in this chapter 11 case.

20.     Nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

21.     Entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing the date by which holders of Claims **not** subject to the Prepetition Bar Dates or Administrative Bar Date established herein must file such Claims against the Debtor or be forever barred from doing so.

9

22.    This Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: New York, New York
       August ___, 2012

_____
UNITED STATES BANKRUPTCY JUDGE

10

## **Exhibit 1**

**Prepetition Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                       :

*In re*                             :        **Chapter 11**
                       :

**DAFFY'S, INC.,**              :        **Case No. 12-_____ (__)**
                       :

        **Debtor.**            :
                       :
------------------------------------------------------------------x

## <u>NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM</u>

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST DAFFY'S, INC.:**

      PLEASE TAKE NOTICE THAT on August 1, 2012, the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), having jurisdiction over the chapter 11 case of Daffy's, Inc. in the above-referenced chapter 11 case (the "***Debtor***"), entered an order (the "***Bar Date Order***") establishing the following deadlines:

- **September [__], 2012 at 5:00 p.m. (prevailing Eastern time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of claim (each a "***Proof of Claim***") based on prepetition claims against the Debtor (the "***General Bar Date***") and

- **January [__], 2013 at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for governmental units (as defined in section 101(27) of title 11 of the United States Code (the "***Bankruptcy Code***")) to file Proofs of Claim against the Debtor (the "***Governmental Bar Date***" and, together with the General Bar Date, the "***Prepetition Bar Dates***").

      The Bar Date Order, the Prepetition Bar Dates, and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtor (other than those set forth below as being specifically excluded) that arose prior to **August 1, 2012**, the date on which the Debtor commenced its case under chapter 11 of the Bankruptcy Code.

      **If you have any questions with respect to this Notice, please feel free to contact the Debtor's court-appointed claims agent Donlin, Recano & Company ("*DRC*") at (212) 771-1128, or by email at daffys@donlinrecano.com.**

      **YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

**1.      WHO MUST FILE A PROOF OF CLAIM?**

      You MUST file a Proof of Claim to vote on a chapter 11 plan filed by the Debtor, if applicable, or to share in any distributions from the Debtor's estate if you have a claim that arose prior to **August 1, 2012**, and it is not one of the types of claims described in <u>Section 2</u> below.  Claims based on acts or omissions of the Debtor that occurred before **August 1, 2012** must be filed on or prior to the applicable Bar Date (September ____, 2012 for all claims other than those of Governmental Units and January _____,

2012 for governmental units), even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before **August 1, 2012.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "**claim**" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Claims include unsecured claims, secured claims, and priority claims.

## 2.    WHO DOES <u>NOT</u> NEED TO FILE A PROOF OF CLAIM?

You need *not* file a Proof of Claim if any of the following applies:

- o    Your claim is listed on the Schedules (*see* discussion in section 7 below) and (i) is *not* listed on the Schedules as "disputed," "contingent," or "unliquidated," and (ii) you do *not* dispute the amount, nature, and priority of the claim as set forth in the Schedules.

- o    Your claim already has been paid in full.

- o    You hold an equity interest in the Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest. If, however, you assert a claim (as opposed to an ownership interest) against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date (September __, 2012 for all claims other than those of governmental units and January __, 2012 for governmental units).

- o    You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (*other than* a holder of a section 503(b)(9) Claim).

- o    You hold a claim that is allowed by an order of the Bankruptcy Court entered on or before the applicable Bar Date (September ___, 2012 for all claims other than those of governmental units and January ___, 2012 for governmental units).

- o    You hold a claim for which a separate deadline has been fixed by the Bankruptcy Court (whereupon you will be required to file a Proof of Claim by that separate deadline).

- o    You are a current employee of the Debtor and hold a claim for wages and benefits.

- o    You hold a claim for which you already filed a Proof of Claim against the Debtor with DRC using a claim form that substantially conforms to the Proof of Claim Form included with this Notice or on the enclosed CD-ROM.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR OR THE BANKRUPTCY COURT BELIEVES THAT YOU HAVE A CLAIM.**

US_ACTIVE:\44033470\16\39982.0003

**3.    WHAT SHOULD YOU DO IF YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH THE DEBTOR?**

If you are a party to an executory contract or unexpired lease with the Debtor, you must review Article VIII of the Debtor's chapter 11 plan carefully for procedures relating to treatment of, and filing Proofs of Claim with respect to, executory contracts and unexpired leases. *If you are a party to an executory contract or unexpired lease with the Debtor, and you wish to assert a claim with respect to unpaid amounts accrued and outstanding as of August 1, 2012 pursuant to that executory contract or unexpired lease, you MUST file a Proof of Claim for such amounts on or before the General Bar Date unless an exception identified in Section 2 above applies.*

**4.    WHEN AND WHERE DO YOU NEED TO FILE YOUR PROOF OF CLAIM?**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

| **If by first-class mail, to:** | **If by hand delivery or overnight courier, to:** |
|---|---|
| Donlin, Recano & Company, Inc. | Donlin, Recano & Company, Inc. |
| Re: Daffy's, Inc. | Re: Daffy's, Inc. |
| P.O. Box 899 | 419 Park Avenue South, Suite 1206 |
| Madison Square Station | New York, NY 10016 |
| New York, NY 10010 | |

Proofs of Claim will be deemed timely filed only if *actually received* by DRC on or before the applicable Bar Date (September ___, 2012 for all claims other than those of governmental units and January ___, 2012 for governmental units). Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**5.    WHAT SHOULD A PROOF OF CLAIM CONTAIN?**

If you file a Proof of Claim, your filed Proof of Claim must comply with the following requirements:

- be written in English;

- be in U.S. dollars or converted to U.S. dollars at the exchange rate in effect as of August 1, 2012;

- conform substantially with the form included with this Notice or on the CD-ROM;

- set forth with specificity the legal and factual basis for the alleged claim;

- include supporting documentation or an explanation as to why documentation is not available; and

- be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

US_ACTIVE:\44033470\16\39982.0003

Additional proof of claim forms may be obtained at www.donlinrecano.com/daffys or by calling (212) 771-1128.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

**6.      WHAT ARE THE CONSEQUENCES IF I DO NOT FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE?**

**EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTION 2 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE (SEPTEMBER ___, 2012 FOR ALL CLAIMS OTHER THAN THOSE OF GOVERNMENTAL UNITS AND JANUARY ___, 2012 FOR GOVERNMENTAL UNITS), WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTOR (AND FROM FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM) AND ITS ESTATE, AND ITS PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM, AND THE HOLDER OF SUCH CLAIM SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM OR WITH RESPECT TO THE DEBTOR'S CHAPTER 11 CASE.**

**7.      HOW IS MY CLAIM TREATED IN THE DEBTOR'S SCHEDULES?**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "*Schedules*").  To determine if and how you are listed in the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form regarding the nature, amount, and status of your claim(s).

As explained in section 2 above, if you agree with the nature, amount, and status of your claim as listed in the Schedules, and if your claim is not listed in the Schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date (September ___, 2012 for all claims other than those of governmental units and January ____, 2012 for governmental units) in accordance with the procedures set forth in this Notice.

Copies of the Schedules are available on the Bankruptcy Court's electronic docket for the Debtor's chapter 11 case, which is posted (i) on the website established for the Debtor's case at www.donlinrecano.com/daffys and (ii) on the Bankruptcy Court's website at www.nysb.uscourts.gov. (A login and password to the Bankruptcy Court's Public Access to Electronic Court Records ("*PACER*") are required to access the information on the Bankruptcy Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) Monday through Friday at the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004-1408.  Copies of the Schedules also may be obtained by written request to DCR at the address and telephone number set forth below:

4

Donlin, Recano & Company, Inc.
Re: Daffy's, Inc.
419 Park Avenue South, Suite 1206
New York, NY 10016
(212) 771-1128

**A holder of a possible claim against the Debtor should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

DATED: _____, 2012                          BY ORDER OF THE COURT
        New York, New York

WEIL, GOTSHAL & MANGES LLP
Debra Dandeneau
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for the Debtor and
Debtor in Possession*

5

## **Exhibit 2**

**Administrative Bar Date Notice**

US_ACTIVE:\44033470\16\39982.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                  :
*In re*                                           :        **Chapter 11**
                                                  :
**DAFFY'S, INC.,**                                :        **Case No. 12-_____ (__)**
                                                  :
                          **Debtor.**             :
                                                  :
-----------------------------------------------------------------x

## NOTICE OF DEADLINE TO FILE CERTAIN
## REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH AN ADMINISTRATIVE EXPENSE AGAINST DAFFY'S, INC.:**

PLEASE TAKE NOTICE THAT on August 1, 2012, the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), having jurisdiction over the chapter 11 case of Daffy's, Inc. in the above-referenced chapter 11 case (the "***Debtor***"), entered an order requiring all persons and entities that assert certain types of administrative expenses arising under section 503(b)(1) of the Bankruptcy Code ("***Administrative Expenses***") against the Debtor to file a proof of Administrative Expense by **5:00 p.m. (Prevailing Eastern Time) on [DATE], 2012 (the "*Administrative Bar Date*").**

**1.    WHO MUST FILE AN ADMINISTRATIVE EXPENSE?**

***Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.***  If you believe you have a claim against the Debtor that (i) arose after August 1, 2012, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, ***and*** (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense **on or before the Administrative Bar Date**:

- Any Administrative Expense representing personal injury, property damage, or other tort claims against the Debtor.

- Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by the Debtor.

- Any Administrative Expense for amounts incurred by the Debtor after [DATE], 2012 in the ordinary course of the Debtor's business if payment of such amounts is alleged to be overdue by at least 30 days.

- Any Administrative Expense incurred by the Debtor *outside* the ordinary course of business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense was approved by the Bankruptcy Court (*e.g.*, the DIP Credit Facility Claim) or

represents fees and expenses of professionals arising under sections 330, 331, 503(b)(2)-(5) of the Bankruptcy Code.

- Any Administrative Expense that would *not* ordinarily be reflected as a payable on the Debtor's books and records or as a liability on the Debtor's financial statements.

- Any Administrative Expense representing an employee claim against the Debtor, *not representing* a claim for wages or benefits by an employee who is employed by the Debtor at any time after August 1, 2012.

Claims described above are referred to in this Notice as "*Specified Administrative Expenses*."

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the Debtor is September [__], 2012, and such time has not been extended as a result of the Bankruptcy Court's setting of an Administrative Bar Date.*

**2.     WHEN AND WHERE TO FILE?**

All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before [DATE], 2012** at the following address:

| **If by first-class mail, to:** | **If by hand delivery or overnight courier, to:** |
|---|---|
| Donlin, Recano & Company, Inc. | Donlin, Recano & Company, Inc. |
| Re: Daffy's, Inc. | Re: Daffy's, Inc. |
| P.O. Box 899 | 419 Park Avenue South, Suite 1206 |
| Madison Square Station | New York, NY 10016 |
| New York, NY 10010 | |

Donlin, Recano & Company, Inc. ("**DRC**") will **not** accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3.     WHAT TO FILE?**

Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. **Such claim form is on the enclosed CD-ROM and may also be obtained on the website established by the Debtor in connection with its chapter 11 case, www.donlinrecano.com/Daffys, or by contacting DRC at (212) 771-1128.** Such claim must be written in English, and any amounts claimed therein must be converted to U.S. dollars.

**Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before [DATE], 2012 (the Administrative Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against the Debtor, its respective estate, or the Post Effective Date Debtor, and the Debtor will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.**

US_ACTIVE:\44033470\16\39982.0003

DATED: _____, 2012                    BY ORDER OF THE COURT
         New York, New York


WEIL, GOTSHAL & MANGES LLP
Debra Dandeneau
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007


*Proposed Attorneys for the Debtor and
Debtor in Possession*

3

**<u>Exhibit 3</u>**

**E-mail Notice**

US_ACTIVE:\44033470\16\39982.0003

**To: [Customer]**

**Subject: Notice of Deadline to File Proofs of Claim in Daffy's Chapter 11 Case**

Dear Customer:

You are receiving this notice because you are a valued customer of Daffy's and you are a "Love Daffy's Club Member." On August 1, 2012 (the "***Commencement Date***"), Daffy's, Inc. commenced a chapter 11 bankruptcy case. Daffy's is now in the process of liquidating its inventory and disposing of its other assets. Daffy's bankruptcy case is pending before the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") under Case No. _____.

As part of the bankruptcy process, the Bankruptcy Court has set a "Bar Date" – a deadline for anyone who asserts any kind of claim against Daffy's arising from events occurring prior to the Commencement Date to file such claim. The types of claims that could be asserted by customers include, for example, claims for unused gift cards (although Daffy's is continuing to honor gift cards during its inventory liquidation), claims for any injuries incurred at a Daffy's store location, or other claims involving merchandise purchased from Daffy's. If you have items on layaway or placed a deposit with Daffy's as part of Daffy's deposit program, please come and retrieve layaway items or your deposit. Daffy's will continue to honor items on layaway and deposit until the end of the liquidation process.

Although Daffy's has no reason to believe that you have a claim against Daffy's, you are receiving this notice of the Bar Date in case you believe you might have a claim against Daffy's. If you do, you must file a proof of claim so that it is ACTUALLY RECEIVED by the claims agent for Daffy's, Donlin, Recano & Company, Inc., on or before the Bar Date – September [_], 2012. Please click on the link below to obtain a copy of a proof of claim form or to receive additional information about filing a claim or events that are occurring in Daffy's bankruptcy case. You may also receive a copy of a proof of claim and additional information about filing a claim by calling (212) 771-1128, or sending an e-mail to daffys@donlinrecano.com.

http://www.donlinrecano.com/daffys.

Sincerely,

Daffy's Inc.

## **Exhibit 4**

**Publication Bar Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
*In re*                                             :    **Chapter 11**
**DAFFY'S, INC.,**                                  :    **Case No. 12-_____ (__)**
                              **Debtor.**           :
------------------------------------------------------------------x

### NOTICE OF (I) HEARING ON CONFIRMATION OF THE PLAN AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN, (II) THE PREPETITION BAR DATES, AND (III) THE ADMINISTRATIVE BAR DATE

**PLEASE TAKE NOTICE OF THE FOLLOWING –**

On August 1, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"). Copies of all documents relating to the Debtor's chapter 11 case may be downloaded from www.donlinrecano.com/daffys or may be obtained by a written request to Donlin, Recano & Company, Inc., Re: Daffy's Inc., 419 Park Avenue South, Suite 1206, New York, NY 10016 .

1. **Daffy's Chapter 11 Plan**. On August 1, 2012, the Debtor also filed its proposed chapter 11 plan (as it may be amended, the "*Plan*") [Docket No. _____], which provides, among other things, that all creditors of the Debtor will be paid in full, and, when applicable, with interest, on account of their Allowed Claims (as such term is defined in the Plan). As a result, *all creditors and equity holders are conclusively presumed to have accepted the Plan, and creditors will receive payment in full of their claims*.

2. **Confirmation Hearing**. A hearing (the "*Confirmation Hearing*") to consider the confirmation of the Plan will be held at **[__]:00 a.m. (Eastern Time) on October [__], 2012**, before the Honorable [ ], United States Bankruptcy Judge, in Room [ ] of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be adjourned or continued from time to time without further notice other than the announcement by the Debtor of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtor with the Court. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3. **Objections to Confirmation**. The deadline to object or respond to confirmation of the Plan is September [__], 2012 at 4:00 p.m. (Eastern Time) (the "*Objection Deadline*"). Objections and responses, if any, must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy

4. **Bar Date Order**: On August [__], 2012, the Bankruptcy Court entered an order (the "*Bar Date Order*") establishing the following deadlines:

   - **September [__], 2012 at 5:00 p.m. (Eastern time)** as the deadline for each entity, other than governmental units, to file a proof of claim ("*Proof of Claim*") based on prepetition claims against the Debtor;

   - **February [__], 2013 at 5:00 p.m. (Eastern time)** as the deadline for governmental units to file Proofs of Claim against the Debtor; and

   - **October [__], 2012 at 5:00 p.m. (Eastern time)** as the deadline for claimants to file requests (each a "*Proof of Administrative Expense*") for certain types of administrative expenses arising under section 503(b)(1) of the Bankruptcy Code.

5. **Additional Information**: For further information, including a copy of the Bar Date Order and detailed procedures for filing a Proof of Claim or Proof of Administrative Expense, please visit the Debtor's chapter 11 website at **http://www.donlinrecano.com/daffys** or call the Debtor's claim agent, Donlin, Recano & Company, at **(212) 771-1128**.

6. **Consequences of Failing to File:** Any creditor who is required, but fails, to file by the applicable deadline shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim or Proof of Administrative Expense thereto), the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in this chapter 11 case or participate in any distribution in the Debtor's chapter

| | |
|---|---|
| Court for the Southern District of New York. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled.  A list of "Notice Parties" is included in the Order scheduling a Confirmation Hearing [Doc. No. __]. | **11 case on account of such claim or to receive further notices regarding such claim.** |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM OR A PROOF OF ADMINISTRATIVE EXPENSE.**

WEIL, GOTSHAL & MANGES LLP, 767 Fifth Avenue, New York, New York 10153, Telephone:  (212) 310-8000, Facsimile:  (212) 310-8007, *Proposed Attorneys for the Debtor and Debtor in Possession*

.

2

**<u>Exhibit 5</u>**

**Proof of Claim Form**

US_ACTIVE:\44033470\16\39982.0003

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>**DAFFY'S, INC.** | Case Number:<br>12-    (    ) |
|---|---|

*NOTE: Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.*

Name and Address of Creditor (the person or other entity to whom the debtor owes money or property):

**COURT USE ONLY**

Name and address where notices should be sent:

☐ Check this box if this claim amends a previously filed claim.
**Court Claim Number:** _____
*(if known)*
Filed on: _____

Telephone number:                    email:

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:                    email:

**1. Amount of Claim as of Date Case Filed:**              $ _____

If all or part of your claim is secured, complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

| **3. Last four digits of any number** by which creditor identifies debtor: | **3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | **3b. Uniform Claim Identifier (optional):** _____<br>(See instruction #3b on reverse side.) |
|---|---|---|

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**
**Value of Property:** $ _____
**Annual Interest Rate** _____%  ☐ Fixed  or  ☐ Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

**Basis for perfection:** _____

**Amount of Secured Claim:**       $ _____

**Amount of Unsecured Claim:**    $ _____

**5. Amount of Claim Entitled to: (i) Priority under 11 U.S.C. § 507(a) or (ii) Administrative Expense under 11 U.S.C. § 503(b)(9). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

**Amount entitled to priority:**
$ _____

☐ Value of goods received by the debtor within 20 days before the date of commencement of the case - 11 U.S.C. §503(b)(9).

**Amount entitled to administrative expense under § 503(b)(9):**
$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6 on reverse side)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted" on reverse side.)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**BAR DATE:** THE **ORIGINAL** OF THIS PROOF OF CLAIM MUST BE SENT SO THAT **IT IS** RECEIVED ON OR BEFORE 5:00 P.M., PREVAILING EASTERN TIME, ON _____, 2012.

IF PROOF OF CLAIM IS SENT BY MAIL, SEND TO:
DONLIN, RECANO & COMPANY, INC.
RE: DAFFY'S, INC.
P.O. BOX 899, MADISON SQUARE STATION
NEW YORK, NY 10010

IF PROOF OF CLAIM IS SENT BY OVERNIGHT COURIER, SEND TO:
DONLIN, RECANO & COMPANY, INC.
RE: DAFFY'S, INC.
419 PARK AVENUE SOUTH, SUITE 1206
NEW YORK, NY 10016

IF PROOF OF CLAIM IS SENT BY HAND DELIVERY, SEND TO:
DONLIN, RECANO & COMPANY, INC.
RE: DAFFY'S, INC.
419 PARK AVENUE SOUTH, SUITE 1206
NEW YORK, NY 10016
OR
UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
RE: DAFFY'S, INC.
ONE BOWLING GREEN, ROOM 534
NEW YORK, NY 10004-1408

**Please see instructions on reverse side.**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**8. Signature:** (See instruction #8 below.)

Check the appropriate box.

☐ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or
                              (Attach copy of power of attorney, if any.)        or their authorized agent.           other codebtor. (See Bankruptcy Rule 3005.)
                                                                                 (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____

Title: _____

Company: _____     Telephone number: _____     email: _____

Address and telephone number (if different from notice address above):

_____

_____     _____     _____
                                              (Signature)                         (Date)

---

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**

All of this information has been completed at the top of the proof of claim form.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**

If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**

Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to (i) Priority Under 11 U.S.C. §507(a) or (ii) Administrative Expense Under 11 U.S.C. §503(b)(9):**

If any portion of your claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority or administrative expense. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**

Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**

The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

# DEFINITIONS

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. § 101(10).

**Claim**

A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing.

**Secured Claim Under 11 U.S.C. § 506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Claim Entitled to Administrative Expense Under 11 U.S.C. §503(b)(9)**

Administrative expense priority claims under section 503 (b)(9) of the Bankruptcy Code include those claims for the value of any goods received by the debtor, within 20 days before the date of commencement of a case under the Bankruptcy Code in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name and only the year of any person's date of birth.

# INFORMATION

If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of filing of Claim**

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (www.donlinrecano.com/daffys) to view your filed proof of claim.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq*), and any applicable orders of the bankruptcy court.

**<u>Exhibit 6</u>**

**Proof of Administrative Expense Form**

2

US_ACTIVE:\44033470\16\39982.0003

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | ADMINISTRATIVE EXPENSE FORM |
|---|---|

| Name of Debtor:<br>**DAFFY'S, INC.** | Case Number:<br>**12-    (    )** |
|---|---|

**NAME AND ADDRESS OF CREDITOR** (the person or entity to whom the debtor owes money or property).

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
   *(if known)*

Filed on: _____

Telephone number:

NAME AND ADDRESS WHERE NOTICES SHOULD BE SENT:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

NAME AND ADDRESS WHERE PAYMENT SHOULD BE SENT (IF DIFFERENT FROM ABOVE):

**1. TOTAL AMOUNT OF ADMINISTRATIVE EXPENSE:**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

$ _____
       **(Total)**

**2.** Last four digits of any number by which creditor identifies debtor: _____

**3.** BRIEF DESCRIPTION OF ADMINISTRATIVE EXPENSE (ATTACH ANY ADDITIONAL INFORMATION):

**4. Credits:** The amount of all payments on this claim has been credited for the purpose of submitting this administrative expense.

**5. Supporting Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain.

DATE-STAMPED COPY: To receive an acknowledgment of the filing of your proof of administrative expense, enclose a stamped, self-addressed envelope and copy of this administrative expense form, or you may view your claim information by visiting the website of the Claims Agent (www.donlinrecano.com/daffys).

**THE ORIGINAL OF THIS ADMINISTRATIVE EXPENSE FORM MUST BE SENT SO THAT IT IS RECEIVED ON OR BEFORE 5:00 P.M.**, PREVAILING EASTERN TIME, ON _____, **2012.**

FOR COURT USE ONLY

IF THE ADMINISTRATIVE EXPENSE FORM IS SENT BY MAIL, SEND TO:

   DONLIN, RECANO & COMPANY, INC.
   RE: DAFFY'S, INC.
   P.O. BOX 899, MADISON SQUARE STATION
   NEW YORK, NY 10010

IF THE ADMINISTRATIVE EXPENSE FORM IS SENT BY OVERNIGHT COURIER OR HAND DELIVERY, SEND TO:

   DONLIN, RECANO & COMPANY, INC.
   RE: DAFFY'S, INC.
   419 PARK AVENUE SOUTH, SUITE 1206
   NEW YORK, NY 10016

Please see signature block and instructions on back of Administrative Expense Form.

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**9. DATE AND SIGNATURE:** (See instruction #9 below.)
Check the appropriate box.

☐ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser,
                              (Attach copy of power of attorney,       or their authorized agent.             or other codebtor. (See Bankruptcy
                              if any.)                                 (See Bankruptcy Rule 3004.)            Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:_____

Title:       _____

Company: _____    Telephone number: _____    email: _____

Address and telephone number (if different from notice address above):

_____

_____    (Signature)                    (Date)

_____

---

## INSTRUCTIONS FOR ADMINISTRATIVE EXPENSE FORM

**Pursuant to an order of the Bankruptcy Court, only holders of the following types of administrative expenses are required to file administrative expenses:**

1.  Any Administrative Expense representing personal injury, property damage, or other tort claims against the Debtor;

2.  Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by the Debtor;

3.  Any Administrative Expense for amounts incurred by the Debtor after the Commencement Date in the ordinary course of the Debtor's business if payment of such amounts is alleged to be overdue by at least [30] days as of [DATE], 2012.

4.  Any Administrative Expense incurred by the Debtor outside the ordinary course of business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense was approved by the Bankruptcy Court [(e.g., the DIP Credit Facility Claim] or represents fees and expenses of professionals arising under sections 330, 331, 503(b)(2)-(5) of the Bankruptcy Code;

5.  Any Administrative Expense that would not ordinarily be reflected as a payable on the Debtor's books and records or as a liability on the Debtor's financial statements; or

6.  Any Administrative Expense representing an employee claim against the Debtor, other than a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by the Debtor as of [DATE], 2012.

---

**Information about Creditor:** Complete the section giving the name, address and telephone number of the creditor to whom the Debtor owes money or property.

**1. Total Amount of Administrative Expense:** Fill in the amount of the entire administrative expense.

**2.** Please list the last four digits of any number (e.g., an account number, if any).

**3. Brief Description of Claim:** Please briefly describe the nature of the administrative expense.

**4. Credits:** By signing this proof of administrative expense, you are stating under oath that in calculating the amount of your administrative expense you have given the Debtor credit for all payments received.

**5. Supporting Documents:** You must attach to this proof of administrative expense copies of documents that show that the Debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

**Returning Proof of Administrative Expense:** All proofs of administrative expense must be mailed, hand delivered, or delivered by courier service so that they are **actually received** on or before 5:00 p.m., Prevailing Eastern Time, on _____ 2012 as indicated below:

IF THE ADMINISTRATIVE EXPENSE FORM IS SENT BY MAIL, SEND TO:

DONLIN, RECANO & COMPANY, INC.
RE: DAFFY'S, INC.
P.O. BOX 899, MADISON SQUARE STATION
NEW YORK, NY 10010

IF THE ADMINISTRATIVE EXPENSE FORM IS SENT BY OVERNIGHT COURIER OR HAND DELIVERY, SEND TO:

DONLIN, RECANO & COMPANY, INC.
RE: DAFFY'S, INC.
419 PARK AVENUE SOUTH, SUITE 1206
NEW YORK, NY 10016

## <u>Exhibit 7</u>

**Employee Bar Date Notice**

[COMPANY LETTERHEAD]

August [__], 2012

**TO ALL CURRENT
EMPLOYEES OF DAFFY'S, INC.:**

**PLEASE READ THIS IMPORTANT NOTICE CAREFULLY**

As you are aware, on August 1, 2012, Daffy's, Inc. ("**Daffy's**") filed for chapter 11 protection. Pursuant to a certain order of the Bankruptcy Court, dated August __, 2012, Daffy's is authorized to pay, and has paid, its current employees' prepetition wages and benefits as well as other employment-related obligations consistent with its pre-bankruptcy business practices and policies.

However, if you believe you have any other claims (other than for employee wages and benefits) that arose before August 1, 2012, you should contact Donlin, Recano & Company ("**DRC**") at **(212) 771-1128** for information regarding the procedures for filing a "proof of claim" against Daffy's.  The deadline for filing proofs of claim against Daffy's for any claim arising before August 1, 2012 is *September [__], 2012 at 5:00 p.m. (Eastern Time)*.

In addition, the Bankruptcy Court has set a deadline for the filing of certain "Administrative Expenses" against Daffy's.  "Administrative Expenses" are claims that relate to the activities of Daffy's *after* its bankruptcy filing (*i.e.*, *after August 1, 2012*).  If, during the bankruptcy case of Daffy's you believe you have a claim for something that occurred after August 1, 2012 – *other than* a claim for wages or benefits – you must file a "proof of administrative expense" by [DATE], 2012.  To obtain a form for filing a proof of administrative expense, or if you have any questions about this notice, please contact DRC at **(212) 771-1128.**

If you believe you have a claim or an Administrative Expense against Daffy's (*other than* a claim or Administrative Expense for employee wages and benefits), but fail to file a proof of claim or proof of Administrative Expense before the above deadlines, you will lose your right to assert such Administrative Expense against Daffy's in the future and will not receive any payment with respect to such claim or Administrative Expense.  Filing a claim or Administrative Expense does not necessarily entitle you to compensation.

Thank you for your devoted service to Daffy's.